GULESSERIAN, by guardian *ad litem*, Respondent, vs. MADISON RAILWAYS COMPANY, Appellant.

*September 21—October 19, 1920.*

*Street railways: Collision with automobile: Negligence: Failing to give warning and keep lookout: Contributory negligence: Crossing in front of street car: Negligence of parent as imputable to minor child.*

1. In an action by a minor for injuries sustained in a collision between an automobile and defendant's street car, the evidence is *held* to show that defendant was negligent in starting its car around a curve at a street intersection without warning and without keeping a proper lookout of an unobstructed view and that such negligence was a proximate cause of the injury; and also to require a finding that plaintiff's mother, driving the automobile, was contributorily negligent in attempting to cross the track in view of the approaching street car.

2. Under the circumstances, the contributory negligence of the mother is not imputable to the child so as to preclude recovery by the child against the street railway company for the injury. *Prideaux v. Mineral Point,* 43 Wis. 513, distinguished.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought for injuries to the eye of the plaintiff, alleged to have been received through negligence of the defendant. The injuries were received through a collision between a street car of defendant company and an automobile in which plaintiff was riding. The collision took place at the intersection of University avenue and Mills street in the city of Madison.

The complaint alleges, in substance, that a street car of defendant was standing on University avenue tracks near the Mills-street switch; that the defendant was negligent in that it started up the street car suddenly and turned it onto Mills street without any warning, causing it to collide with the automobile in which plaintiff was riding, when the motorman in the exercise of ordinary care should have seen that the automobile was about to cross said tracks; that the defendant was further negligent in that the street car was operated at a high rate of speed under the circumstances; that the car was not kept under proper control and that it was not stopped as soon as it could have been stopped by the motorman after he saw or should have seen that the automobile was in or near the zone of danger.

The answer denies each of the allegations of negligence set forth in the complaint; alleges that the car was operated with due care and in the manner in which street cars are customarily operated by similar companies under similar circumstances; alleges that the injuries received by plaintiff were due wholly to the negligence of plaintiff or his mother.

The case was tried before the court and a jury. By a special verdict the jury found that plaintiff's injuries were due to the negligence of defendant and that no negligence on the part of the mother of the plaintiff contributed thereto.

Judgment on the verdict was rendered in favor of the plaintiff in the sum of $713.87 damages and costs. This is an appeal from such judgment.

For the appellant there was a brief by *Jones & Schubring*, and oral argument by *E. J. B. Schubring* and *A. R. Petersen*, all of Madison.

For the respondent there was a brief by *Crownhart & Wylie* of Madison, and oral argument by *F. M. Wylie*.

SIEBECKER, C. J.    The appellant contends that the evidence fails to sustain the jury in finding the defendant negligent. It is alleged that the motorman neglected to sound the gong as a warning when he started the street car to make the turn from University avenue onto Mills street and that he omitted to keep a proper lookout for travelers using the avenue at the Mills-street crossing. The evidence shows that no warning was given by the motorman as he started the car to make this turn onto Mills street. True, as appellant claims, Mrs. Gulesserian, when about 125 feet to the west of the car on the avenue, had observed the car standing on the north track on the avenue where all cars stop whether west-bound on the avenue or south-bound on Mills street. It appears that she continued her course of travel towards the Mills-street crossing and had reached a point about ten feet west of the Mills-street track when the motorman saw her coming; he immediately applied the brakes and stopped the car within a distance of about ten feet. This tends to show that he had taken no observation of the street to ascertain whether Mrs. Gulesserian or any other traveler was approaching the track from the time he started and crossed over the street-car tracks on the avenue up to the point where he observed Mrs. Gulesserian about ten feet from him. From this state of the evidence the jury was justified in concluding that he negligently omitted to warn approaching travelers of the starting of the street car on the turn across the avenue onto

Mills street, and that he failed to exercise ordinary care in keeping a proper lookout of the unobstructed view to ascertain whether or not travelers were approaching the track of his car at the crossing so as to avoid colliding with them. The conditions of travel on the avenue and the course in which the street car was being driven at the crossing required that the motorman keep a lookout and conduct his car with reasonable safety to protect others using the street near the crossing.

"Motormen in charge of electric cars are required, in the exercise of ordinary care, to keep a proper lookout as to the tracks and the streets upon which the cars are operated to avoid collision with persons and vehicles on the street. . . . He must observe the streets adjacent to the track sufficiently to enable him to ascertain whether persons are approaching or are about to approach the track, and, if such persons are in danger of being struck by the car, he must do all that an ordinarily careful and prudent motorman would do to avoid injury." *Glettler v. Sheboygan L., P. & R. Co.* 130 Wis. 137, 109 N. W. 973; *Dahl v. Milwaukee City R. Co.* 65 Wis. 371, 27 N. W. 185.

It is considered that the verdict finding the defendant guilty of negligence and that this negligence was a proximate cause of plaintiff's injury must stand.

It is averred that Mrs. Gulesserian, the driver of the automobile, was guilty of contributory negligence in causing the collision. It appears that she was driving her car at a speed of from eight to twelve miles per hour from the time she first saw the street car standing on the avenue, about 124 feet distant from her, up to the time of collision; that she had a clear view of the street car at all times; that she did not know whether the car was a west-bound or south-bound car; that she continued to approach the Mills-street crossing, looked to the south on Mills street for approaching street cars or automobiles and for travelers near the crossing on the avenue and Mills street, and failed to look for the street car before attempting to cross the Mills-

street track until she was within about ten feet of the car approaching her. There was nothing to prevent her from seeing the car at any time while she drove the automobile a distance of about 114 feet, nor from stopping the automobile before entering the zone of danger. It is urged that she was excused for her failure to look for the street car as she approached the track because she was engaged in looking to the south to ascertain if any car or vehicle was approaching her course of travel and that this absorbed her attention, and that since the street-car gong had not been sounded to warn her of its starting she rightfully assumed that she had a safe course to cross the Mills-street track before the car would reach her. This claim is refuted by the fact that the street car was plainly in her view from the time it started and had traveled a distance of fully fifty feet and that she could readily have cast her view towards it while driving the automobile. She was aware that the car was there to go either west on the avenue or south on Mills street. Under these circumstances it seems inexcusable for her to attempt to cross the Mills-street track without looking in time to see whether or not the car was coming on the Mills-street track and in failing to stop her automobile before entering the zone of danger. These circumstances permit of but one inference, namely, that Mrs. Gulesserian was guilty of a want of ordinary care in attempting to cross the street railway as she did in view of the approaching street car with which the automobile collided. The trial court erred in not granting defendant's motion to change the jury's answers to questions 5, 6, and 7 from "No" to "Yes."

The question remains, Is such contributory negligence of Mrs. Gulesserian imputable to this infant plaintiff? The proposition that the contributory negligence of a parent, concurring with the negligence of a third person, which proximately caused an injury to a child, precludes the parent from recovering damages from such third person resulting

from such injury to the child, is recognized in the cases in this court cited to our attention by appellant's counsel. These adjudications, however, do not rule the instant case. No case is cited, nor has any case been called to our attention, holding that such contributory negligence of the parent is imputable to the child in an action by the child to recover damages for an injury for the actionable negligence of such third person. On the question whether, in an action by a child of tender years to recover damages for an injury caused by the actionable negligence of a third party, the contributory negligence of the parent having care of the child is to be imputed to such child to bar recovery by the child, the adjudications are in conflict. Several jurisdictions, including New York and Massachusetts, hold that such contributory negligence of the parent defeats the child's action. But the great weight of authority is to the contrary, holding that the negligence of the parent having custody of the child contributing to the injury of the child will not be imputed to the child to bar its right of action for actionable negligence against a third person.

In *Mattson v. M. & N. W. R. Co.* 95 Minn. 477, 104 N. W. 443, the court reconsidered this question and reversed its former decision on the subject in the case of *Fitzgerald v. St. P., M. & M. R. Co.* 29 Minn. 336, 13 N. W. 168. It is there declared:

"The right of an infant to damages for injuries to his person caused by the wrongful act of others is a property right, and entitled to the same protection in the courts as is accorded other property held or owned by him. He is entitled to the protection of the law equally with persons who have attained their majority, and to refuse him relief on the ground of his parents' indifference or negligence would be to deny it to him. To impute to him negligence of others is harsh in the extreme, whether the negligence so imputed be that of his parents, their servants, or his guardian."

Bishop (Non-Contract Law, § 583) characterizes the imputed negligence doctrine as to children ". . . as flatly in

conflict with the established system of the common law as anything possible to be suggested. The law never took away a child's property because his parent was poor or shiftless or a scoundrel, or because anybody who could be made to respond to a suit for damages was a negligent custodian of it."

The cases bearing on this question and on the question of the rights of parents and other beneficiaries to recover for injuries to infants proximately caused by the actionable negligence of others contributed to by parents and custodians of such infants are collected in 21 L. R. A. 76, note to *Chicago City R. Co. v. Wilcox* (138 Ill. 370, 27 N. E. 899), 20 Ruling Case Law, pp. 153–157, §§ 128, 129; 38 L. R. A. N. s. 754, note to *Nashville L. Co. v. Busbee,* 100 Ark. 76, 139 S. W. 301; 18 L. R. A. N. s. 320, note to *Neff v. Cameron,* 213 Mo. 350, 111 S. W. 1139; and in *Feldman v. Detroit U. Ry.* 162 Mich. 486, 127 N. W. 687, where the court declares:

"We find from an examination of the authorities that the question has been considered by the courts in three classes of cases: (1) In actions brought by the child in its own right. (2) In actions brought by the parents for loss of services. (3) In actions brought under Lord Campbell's Act by the personal representatives of the child to recover for loss of services to the parent. In the first class of cases, by the great weight of authority, it is held that the negligence of the parent cannot be imputed to the child. In the second class the negligence of the parent will bar the action. In the third class, where, although the action is brought by the personal representative for the benefit of the child, if the parent is the real beneficiary his contributory negligence will be imputed to the child." See cases cited in the opinion of the court.

It is considered that the doctrine approved in the foregoing citations and authors holding that the contributory negligence of the parent or custodian of the child will not preclude recovery by the child for negligent injury, is a

just rule and should be adopted in the jurisprudence of this state. We do not regard the observations made in *Prideaux v. Mineral Point,* 43 Wis. 513, as controlling in this case. It is there stated: "When *paterfamilias* drives his wife and child in his own vehicle, he is surely their agent in driving them, to charge them with his negligence." Furthermore, this observation of the court was made where the husband and wife brought action for injuries to the wife caused by a defective highway. The question above mentioned was not involved in the case.

*By the Court.*—The judgment is affirmed.

JONES, J., took no part.