NELSON, Respondent, vs. A. H. STANGE COMPANY, Ap·
pellant.

*November 30—December 15, 1908.*

*Master and servant: Personal injury: Questions for jury: Setting
aside directed verdict.*

In an action by a servant for personal injuries it is *held* that the
questions of negligence and contributory negligence or assump-
tion of risk were properly for the jury, and that the trial court
did not err in setting aside on that ground a verdict which, at
the close of the evidence, it had directed for the defendant.

APPEAL from an order of the superior court of Lincoln
county: ALMON A. HELMS, Judge.  *Affirmed.*

The plaintiff, an adult, who had worked for many years
about wood-working factories, but not with machinery, was
set to work by defendant at running small blocks of wood
through a circular rip-saw, which, it was claimed, lacked ade-
quate precautions to prevent flying pieces of wood from in-
juring the operator.  A splinter was thrown by the saw
into the plaintiff's eye, to its complete destruction.  At the
close of the evidence the court first directed verdict for the
defendant, but, on motion for a new trial, concluded that
there was evidence which should have been submitted to the
jury, and, therefore, that such direction was erroneous, and
for such error set aside the verdict and ordered a new trial.
From that order this appeal is brought.

For the appellant there was a brief signed by *Edward P.
Vilas,* of counsel, and *Vilas & Vilas,* attorneys, and oral ar-
gument by *C. A. Vilas.*

For the respondent there was a brief by *Thomas J. Math-
ews* and *Humphrey Barton,* and oral argument by *Mr. Bar-
ton.*

DODGE, J.  This appeal presents nothing but questions of
fact.  Of course, if there was credible evidence upon the
material issues of the case which to any reasonable mind

might have supported the contentions of the plaintiff, the court erred in directing a verdict, and was in duty bound to set aside that verdict upon motion. If, however, there was no such evidence, the court erred in setting aside the verdict on the ground of his own error, it being made apparent that he did not award the new trial in his discretion.

The detail of the particular facts of an individual case can be of but little general interest nor serve as precedent with much force. We cannot believe any important purpose will be subserved by a discussion thereof in an opinion, when they are fully within the minds of parties and counsel, to whom alone they are of importance. After careful examination we find ourselves unable to say, in contradiction of the court's conclusion, that there was no evidence, either on the subject of defendant's negligence or of assumption of the risk or act of contributory negligence by the plaintiff, which might not, construed as it might have been by reasonable minds and in the light of certain demonstrative or real evidence, which was before the jury and the trial court and is not before us, have tended to establish that defendant failed to provide safeguards which were so feasible and practical as to be reasonable and tended to warrant the conclusion that plaintiff was not so informed of the peril to him from operating the saw that he assumed the risk from which he suffered injury, and that his acts were not so in disobedience of instructions given him by his employer, nor so variant from what might have been expected of an ordinarily prudent person under like circumstances, that they would constitute contributory negligence.

*By the Court.*—Order appealed from is affirmed.