GEMERT, Appellant, vs. POOLER, Respondent.

*March 11—April 6, 1920.*

*Game: Confiscation of automobile used in transporting game illegally killed: Constitutional law: Due process: Husband using wife's automobile without her knowledge or consent: Effect on forfeiture: Appeal: Bill of exceptions served after expiration of time to appeal.*

1. On plaintiff's appeal, a bill of exceptions proposed and served by defendant after the statutory period for taking an appeal had expired, with no reason shown for the delay and against plaintiff's objection, should not have been allowed and will be stricken out.

2. Sub. (7), sec. 29.05, Stats., providing for the seizure and confiscation of property proved to have been used in violation of ch. 29, Stats., relative to game, though it makes no provision for notice and a hearing, does not deny due process of

law, in violation of sec. 1, amend. XIV, Const. U. S., because secs. 3294–3296 and 3312 authorize actions to recover forfeitures and to recover property forfeited, and also in view of the owner's right to resort to replevin.

3. A husband using his wife's automobile without her knowledge or permission for the purpose of transporting game killed illegally, was a trespasser.

4. It was not the legislative intent in sub. (7), sec. 29.05, Stats., in connection with other provisions of ch. 29, that personal property unlawfully used in violation of that chapter by one who is a trespasser or thief as to such property shall be subject to forfeiture as against the innocent owner.

APPEAL from a judgment of the superior court of Douglas county: SOLON L. PERRIN, Judge. *Reversed.*

The plaintiff, claiming as owner and entitled to the immediate possession of a certain Ford automobile seized by defendant as deputy conservation warden on September 8, 1917, commenced this action of replevin in the municipal court of Douglas county on September 12, 1917, and had judgment in her favor. Defendant appealed and a trial was had, a jury being waived, before the superior court of Douglas county on October 9, 1918.

The nature of the issues involved and the facts sufficiently appear from the findings of the trial court, which are substantially as follows:

*Findings of fact.*

(1) ...

(2) That defendant was deputy conservation warden of the state of Wisconsin and that in seizing the automobile he was acting under and by virtue of instructions given to him by the conservation commission.

(3) That on September 6, 1917, plaintiff was the owner of the automobile in question and had the same in her possession in the city of Superior. That on or about said date John Gemert, the husband of the plaintiff, without her authority, knowledge, or permission, took the said automobile from the garage where the same was kept, and did on said day, with three other men, equip the same with guns and ammunition, and then proceeded to a point in said Douglas county for the purpose of hunting deer.

(4) That on said day John Gemert unlawfully killed a deer and deposited it in the automobile for the purpose of conveying it from such point to Superior.

(5) That such killing of the deer was unlawful and in violation of the game laws.

(6) That before John Gemert arrived in Superior with the car and the contraband deer he was apprehended by the defendant, taken before a justice of the peace, charged with an offense, pleaded guilty, was convicted, and paid a fine of $50 and costs.

(7) That thereafter and on the same day the automobile was returned by John Gemert to the garage in Superior and to the possession of the plaintiff.

(8) That the plaintiff had no knowledge or information of the taking or using by the said John Gemert of the automobile for such purposes or of his arrest and conviction or the payment of said fine until after the taking and seizure of the automobile by defendant as set forth in paragraph 9 of these findings, and never consented to such use thereof by said John Gemert.

(9) That on September 8, 1917, acting for and under the instructions of the conservation commission, the defendant took the automobile and kept the same until it was reclaimed by the plaintiff in November, 1917.

(10) Determined the value of the property and defendant's damages.

And conclusions of law as follows:

(1) That the defendant was justified in so taking and seizing the automobile by virtue of his office as deputy conservation warden of the state of Wisconsin.

(2) That in so seizing and holding the automobile he was justified by virtue of the instructions given him by the conservation commission, which instructions he was then executing.

(3) That the defendant is entitled to the possession of the automobile.

(4) That he is entitled to a judgment for its return, or the value thereof in case such return cannot be had, with six cents damages, costs and disbursements.

The plaintiff perfected her appeal to this court from that judgment in October and the record was received here in

November, 1919.   The statutory time for taking such appeal terminated December 16, 1919.   No bill of exceptions was signed or made a part of such record.   March 1, 1920, defendant's attorney served a proposed bill of exceptions upon plaintiff's attorney, containing the testimony taken on the hearing of the action together with an exception by the defendant to a portion of the third finding of fact. Plaintiff's attorney objected to the allowance of such proposed bill of exceptions on the grounds that the time for appeal had expired and that no stipulation had been made for so extending the time for settling such bill of exceptions, and that no excuse was shown by defendant for such delay. The bill of exceptions was signed by the trial court March 6, 1920.   To such signing the plaintiff duly filed written exceptions.   A supplemental return embodying such proceedings was filed herein March 8, 1920.

The plaintiff's attorneys moved in this court to strike out such bill of exceptions for the same reasons that were interposed by way of objections before the trial court.

For the appellant the cause was submitted on the brief of *Dietrich & Dietrich* of Superior.

On behalf of the State Conservation Commission there was a brief by the *Attorney General* and *M. B. Olbrich,* deputy attorney general, as *amici curiæ,* and oral argument by *Mr. Olbrich.*

ESCHWEILER, J.   Appellant's motion made here to strike out the bill of exceptions contained in the supplemental return must be granted.   Such bill of exceptions was proposed, served, and signed after the statutory period for taking an appeal in this action had expired, and was so signed without the consent and over the objection of plaintiff and appellant and with no reason being shown for such delay.   Under the circumstances disclosed the bill of exceptions should not have been allowed and cannot be considered.   *Nelson v. A. H. Stange Co.* 140 Wis. 657, 663,

123 N. W. 152; *Bonnell v. C., St. P., M. & O. R. Co.* 158 Wis. 153, 147 N. W. 1046.

The conviction of plaintiff's husband, spoken of in the findings, was for violating sub. (1), sec. 29.43, Stats. This is part of ch. 29, Stats., providing for the control and regulation of wild animals. Said sub. (1), sec. 29.43, prohibits the transporting of any game during the closed season therefor, whether lawfully or unlawfully taken, and his sentence was pursuant to the penalties provided in sub. (d), sec. 29.63.

Defendant seized the automobile in question, and asserts a right to retain possession thereof pursuant to instructions of the conservation commission and under the final provisions of sub. (7), sec. 29.05, in the same ch. 29, and headed "Seizure and confiscation of property," and which said section reads as follows:

"They [viz. the state conservation commission and its deputies] shall seize and forthwith confiscate or destroy any apparatus, appliance, or device declared by any provision of this chapter to be a public nuisance; and shall seize and hold subject to the order of the commission, any other apparatus, appliance, or any vehicle, or device, which they shall have reason to believe is being used in violation of this chapter, and if it be proven that the same is, or has been within six months previous to such seizure, used in violation of this chapter the same shall be confiscated."

The property here in question is not claimed by defendant to be included with the list of articles declared by sec. 29.03, Stats., being the action evidently referred to in the first clause of sub. (7), sec. 29.05, *supra,* to be nuisances, such as nets, traps, set-guns, boats, or decoys, or other specified articles used in prohibited hunting and fishing.

The appellant urges that the provisions in question here of sub. (7), sec. 29.05, so relied upon by defendant, are unconstitutional, for the reason that such section and the chapter in which it is found make no provision for a hearing upon notice to the owner to determine whether the property

in question was unlawfully used or properly subject to forfeiture, and for that reason such provisions are in violation of that part of sec. 1, art. XIV, of the amendments to the constitution of the United States, which reads as follows: "Nor shall any state deprive any person of life, liberty, or property, without due process of law." There is no express provision in sec. 29.05, nor in the chapter in which the same is found, for any form of legal proceeding to ultimately declare property, under circumstances such as those disclosed in this case, lawfully forfeited to the state and the owner's right of possession thereto at an end; yet by ch. 142, Stats., entitled "The collection of forfeitures," and by sec. 3294 therein contained, it is provided that in all cases not otherwise specially provided by law, where a forfeiture shall be incurred by any person and the act or omission for which the same is imposed shall not also be a misdemeanor, such forfeiture may be sued for and recovered in a civil action, and that the word "forfeiture" as used in that chapter shall include any penalty in money or goods other than a fine. Sec. 3295 provides for the form of such action, and that it shall be brought in the name of the state of Wisconsin; and by sec. 3296 provision is made for a simple form of complaint in such form of action. And further provision is made by sec. 3312 of the same chapter that whenever, pursuant to law, any personal property shall be forfeited to the state or to any officer for its use, an action for the recovery of such property, alleging the grounds of the forfeiture, may be brought by the proper officer in the circuit court.

Construing the effect of the provisions in ch. 142, Stats., in connection with ch. 29, it is apparent that a way is thus provided for legal proceedings upon due notice to the parties concerned for the determination of the questions as to whether or not the property involved has become forfeited and as to whether or not the former owner's title has been lost by reason of any such forfeiture. It is immaterial here

to determine under just which one of the provisions of ch. 142 proceedings should be brought as to such property as is here involved under the circumstances disclosed. It is sufficient that the law of this state does afford legal proceedings in which the rights of parties to the property involved can be determined upon the usual form of notice.

The law of this state does provide a method to be followed upon notice to the parties concerned before a person's property situated as was plaintiff's here could be legally forfeited or her title destroyed, and so providing there is due process of law. *Twining v. New Jersey,* 211 U. S. 78, 111, 29 Sup. Ct. 14; *Standard Oil Co. v. Missouri,* 224 U. S. 270, 287, 32 Sup. Ct. 406; *Miedreich v. Lauenstein,* 232 U. S. 236, 245, 246, 34 Sup. Ct. 309.

The remedy she resorted to here, of replevin, afforded her as well as defendant a further legal method of determining their respective rights. *Lawton v. Steele,* 152 U. S. 133, 142, 14 Sup. Ct. 499; *Bittenhaus v. Johnston,* 92 Wis. 588, 598, 66 N. W. 805.

Taking the findings in this case, as we must, as verities, we construe them, and particularly the third finding above quoted, to mean in effect that the automobile, when put by plaintiff's husband to its unlawful use, was so taken and used without plaintiff's knowledge or permission, and this requires as a necessary conclusion from such construction that as to her, in this particular instance, the automobile was used by one who was a trespasser.

Considerable conflict is found in the authorities, which· we do not deem necessary to cite or discuss, on the question as to how far a claim of forfeiture of the nature herein involved can be successfully defended against by the real owner of the property, the possession of which at the time of the doing of the act upon which the forfeiture is predicated was in one who was as to such real owner a trespasser or a thief.

We hold in this case that it was not the legislative intent

in sub. (7), sec. 29.05, in connection with the other provisions of ch. 29, that the personal property of an innocent holder, which property is being unlawfully used in violation of the provisions of such section or chapter by one who is a trespasser or thief as to such property, shall be subject to forfeiture and the property rights of the innocent owner taken away. *State v. Davis* (Utah) 184 Pac. 161; *Moody v. McKinney,* 73 S. C. 438, 53 S. E. 543; *Smith v. Spencer-Dowler Co.* (Ga.) 100 S. E. 651; *U. S. v. Two Gallons of Whisky,* 213 Fed. 986. ·

This renders it unnecessary to discuss or determine any other questions argued.

It follows therefrom that plaintiff was entitled under the findings of fact to a judgment in her favor for the return of the automobile. ·

*By the Court.*—Appellant's motion to strike out the bill of exceptions is granted, and the judgment reversed, with directions to enter judgment in plaintiff's favor.