GUARANTY SECURITY CORPORATION *vs.* WILLIAM F. BROPHY.

Suffolk. January 18, 1923. — January 22, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Replevin. Motor Vehicle. Mortgage,* Of personal property. *Damages,* In replevin proceedings.

The owner of a motor vehicle, who had mortgaged it to secure the payment of a note, retaining the use and possession of the vehicle, delivered it to a repairer of motor vehicles to have necessary repairs made. The repairs were made and upon failure of the owner to pay for them the repairer filed a petition to enforce his lien, and the motor vehicle was sold by order of the court to satisfy the lien. The mortgagee had knowledge of the filing of the petition but was not made a party to the petition. In an action of replevin by the mortgagee against the purchaser it was *held,* that

(1) The mortgagee by leaving possession of the motor vehicle with the mortgagor with right to use it inferentially empowered the latter to keep it in a proper state of repair for the benefit of both and to create a lien therefor in favor of the repairman;

(2) The lienor was not obliged by law to search the records to ascertain whether there was a mortgage upon the motor vehicle before proceeding to enforce his lien;

(3) Upon the facts disclosed, no express notice to the mortgagee of the proceedings to enforce the lien was necessary;

(4) In the circumstances manifestly no constitutional right of the plaintiff was affected by the enforcement of the lien;

(5) The defendant could recover in this action damages caused to him by the plaintiff's detention of the motor vehicle.

REPLEVIN of a motor vehicle. Writ in the East Boston District Court dated June 7, 1921.

In the Superior Court, the action was heard by *Morton*, J., without a jury, upon a statement of agreed facts, which are described in the opinion. The judge found for the defendant and assessed damages in the sum of $1,200; and the plaintiff appealed.

The case was submitted on briefs.

*C. M. Ludden*, for the plaintiff.

*F. Juggins & R. E. Evans*, for the defendant.

BY THE COURT. This is an action of replevin by the mortgagee of an automobile against its purchaser at a sale duly made by order of court upon a petition by one Shapiro to enforce his lien for necessary repairs made at the request of the mortgagor, who retained use and possession. The plaintiff had full knowledge of the filing of the petition to enforce the lien but was not made a party to it. The automobile was taken from the defendant in June, 1921, by virtue of the present action.

The case was submitted upon a "statement of agreed facts," summarized above, which provided also that they were "all the facts . . . material in the case" and that "if as a matter of law, the defendant is entitled to damages for such detention," judgment was to be entered for an agreed sum. Finding was made in favor of the defendant on April 12, 1922.

Both as to substantive law and form of procedure the case at bar is indistinguishable from *Hammond* v. *Danielson*, 126 Mass. 294, by which it is governed. See, also, as to practice, *Frati* v. *Jannini*, 226 Mass. 430. While a lien on personal property can-

not be created without authority from the owner, such authority must be implied in the case at bar from the common knowledge that an automobile for its preservation and valuable use may require repairs from skilled mechanics. The mortgagee by leaving possession of the automobile with the mortgagor with right to use it inferentially empowered the latter to keep it in a proper state of repair for the benefit of both. The lienor was not obliged by law to search the records to ascertain whether there was a mortgage upon the automobile before proceeding to enforce his lien. Upon the facts disclosed, no express notice to the mortgagee of the proceedings to enforce the lien was necessary, although it was a party interested, could have given bond to dissolve the lien under G. L. c. 255, § 33, and in most aspects was the owner of the automobile. *Howes* v. *Newcomb,* 146 Mass. 76.

Manifestly no constitutional right of the plaintiff was affected by the enforcement of the lien in view of all the circumstances.

Damages can be recovered in this action for the detention of the automobile. *Boston Loan Co.* v. *Myers,* 143 Mass. 446. *Tucker* v. *Tremont Trust Co.* 242 Mass. 25.

*Judgment affirmed.*