Cheshire,
April 6, 1926.

### HENRY L. BARIBAULT v. GEORGE B. ROBERTSON & a.

An unrecorded agreement of conditional sale of personal property properly executed in another state, in which the recording of such agreements is not required, is valid in New Hampshire against the property after it has been transported to this state.

The general principle that there is implied authority in the vendee under a conditional sale to have repairs made on the property, if recognized as the law of the state in which the agreement is executed, does not avail to nullify an express provision in the agreement that no repairs shall be made without previous notice to the vendor. In such a case, the lien of the vendor is superior to that of one making repairs on the property in this state without notice to the vendor.

REPLEVIN, for an automobile. Trial by the court. Verdict for the plaintiff.

The plaintiff in Massachusetts sold an automobile to one Crawford, who gave notes for a portion of the purchase price secured by a conditional sale agreement in proper form. The law of Massachusetts does not require conditional sales to be recorded, and no record of this one was made either in that state or in New Hampshire. The agreement provided that the purchaser should give the seller at least forty-eight hours' notice before having any work done on the car or materials added to it, and should also give to the person employed to make repairs a copy of the sale agreement.

Crawford failed to pay his notes as agreed, and subsequently employed the defendants to make necessary repairs on the automobile. No notice of this employment was given to the plaintiff, and no copy of the sale agreement was given to the defendants. After the work was completed, he notified the plaintiff where the

car was, and the plaintiff made a demand upon the defendants. The defendants refused to deliver it, claiming a mechanic's lien for repairs and materials furnished.

The defendants' exceptions to the denial of their motions for a nonsuit and for a verdict as a matter of law were transferred by *Burque,* J.

*Arthur Olson,* for the plaintiff.

*Orville E. Cain,* for the defendant.

BRANCH, J. The plaintiff's lien being valid in Massachusetts where it was created will be enforced in this state, although the conditional sale agreement was not recorded (*Dorntee Casket Co.* v. *Gunnison,* 69 N. H. 297; *Goudie* v. *Company,* 81 N. H. 88); and, being prior in time, takes precedence over the defendants' lien. *Sargent* v. *Usher,* 55 N. H. 287.

There is nothing in the language of the conditional sale agreement which would justify a contrary conclusion. Clearly, a covenant by the purchaser that he will give the seller forty-eight hours notice before having any work done on the automobile involves no agreement on the part of the seller that, if repairs are made without such notice, his lien shall be subordinated to that of the repair man.

The defendants argue that the plaintiff's rights under the conditional sale agreement were fixed by the law of Massachusetts, where it was executed, and contend that under the rule laid down in *Guaranty Security Corporation* v. *Brophy,* 243 Mass. 597, the defendants' lien should take precedence over that of the plaintiff. Foreign law is a question of fact to be determined by the presiding judge. *Hansen* v. *Railway,* 78 N. H. 518; *Connecticut &c. Co.* v. *Railroad,* 78 N. H. 553. The judge in the present case reports no finding as to what the law of Massachusetts is, and it does not appear that this question was presented to him for decision. Consequently, the defendants are not in position to raise that question at this time.

But if it be assumed that the law of Massachusetts is as stated in the case of *Guaranty Security Corporation* v. *Brophy, supra,* the position of the defendants is not materially changed.

That case and *Hammond* v. *Danielson,* 126 Mass. 294, cited in the court's opinion, both proceed upon the ground that there was an implied authority from the mortgagee, to the mortgagor in pos-

session, to create a lien for necessary repairs upon the mortgaged property. In neither case did it appear that there was any reference to the subject of repairs in the mortgage itself.

In the present case the very definite provisions of the conditional sale agreement, regarding repairs, negative the existence of an implied agreement upon the same subject such as the Massachusetts court found in those cases.

All concurred.                           *Exceptions overruled.*