Coös,
April 3, 1928.

### STATE *v.* BUICK COACH.

*Harry G. Noyes,* solicitor (by brief and orally), for the state.

*Tyler, Eames, Wright & Hooper* (of Massachusetts), for the claimant.

PEASLEE, C. J. In this proceeding for the forfeiture of an automobile used in the illegal transportation of intoxicating liquor (P. L., c. 144, s. 40) the question is raised whether the rights of an innocent holder of a lien upon the car are to be excepted from the forfeiture. The power to enact that they shall not be has been upheld in both federal and state courts. *Van Oster* v. *Kansas,* 272 U. S. 465; *Commonwealth* v. *Certain Motor Vehicle,* 261 Mass. 504.

The authority is here conceded to exist, and the only question argued is that of legislative intent.

The answer to the question is not a matter in doubt. The statute contains no reservation of the rights of the innocent lienholder. Under a similar federal statute relating to violations of internal revenue laws (U. S. Rev. St., s. 3450), it is held that there is no such protection of an innocent interest. *Goldsmith-Grant Co.* v. *United States*, 254 U. S. 505; *United States* v. *One Ford Coupé Automobile*, 272 U. S. 321.

The statute and its antecedents afford conclusive proof that there was no intent to make any such exception here. Section 26, Title II, of the national prohibition act, makes the reservation in terms. *Port Gardner &c. Co.* v. *United States*, 272 U. S. 564. It will be found upon comparison that the forfeiture provisions in Public Laws, chapter 144, section 40, which were added after the decision of *State* v. *Nadeau*, 81 N. H. 183, are copies of the phraseology of section 26, just referred to. But our statute stops at the declaration of forfeiture. It makes no provision for the reservation of innocent rights. It cannot be doubted that the omission of this part of section 26 from our statute was intentional, and that the legislative purpose was to put upon the lienholder the burden of the chance as to what one in lawful possession of the car might do with it.

"It is not unknown or indeed uncommon for the law to visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he has entrusted it. . . . Certain uses of property may be regarded so undesirable that the owner surrenders his control at his peril. The law thus builds a secondary defense against a forbidden use and precludes evasions by dispensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent owner." *Van Oster* v. *Kansas*, 272 U. S. 465, 467, 468.

*Exception overruled.*

All concurred.