Municipal Court of Manchester,  
      June 25, 1931.

NEW HAMPSHIRE FINANCE CORPORATION *v.* DOMINA LAMARCHE.

*James A. Broderick* and *James V. Broderick* (*Mr. James V. Broderick* orally), for the plaintiff.

*Omer H. Amyot* (by brief and orally), for the defendant.

MARBLE, J. The plaintiff is the assignee of a memorandum of conditional sale covering an automobile purchased by one Crotty and brought by Crotty, without the plaintiff's knowledge or consent, to the defendant's garage for repairs. The defendant claims a lien on the car by virtue of section 36, chapter 217, of the Public Laws, which provides as follows: "Any person who shall, by himself or others, perform labor, furnish materials, or expend money, in repairing, re-fitting or equipping any motor vehicle, under a contract expressed or implied with the legal or equitable owner, shall have a lien upon such motor vehicle, so long as the same shall remain in his possession, until the charges for such repairs, materials, or accessories, or money so used or expended have been paid."

The plaintiff contends that its lien under the conditional sales agreement, being prior in time, takes precedence over that of the defendant. This was the rule before the passage of P. L., *c.* 217, *s.* 36 (*Sargent* v. *Usher*, 55 N. H. 287; *Baribault* v. *Robertson*, 82 N. H. 297), and it could hardly have been the legislative intent to enact a statute which was merely declaratory of the existing law.

The act was clearly designed to enlarge the rights of those who perform work on motor vehicles. The first draft (House Bill No. 345)

provided that any person, firm or corporation to whom an automobile was entrusted for the purpose of being repaired should have a lien on the car without reference to its ownership. In new draft, the bill created a lien in favor of any person who repaired any motor vehicle under a contract "with the owner or legal possessor thereof." The committee on revision of the statutes reported the bill in its present form, substituting for the words "owner or legal possessor thereof" the words "legal or equitable owner." Journal of the House, 1925, p. 487.

The repairs in the present case were made at the request of the equitable owner, and there is nothing in the statute to suggest even remotely that the lien thus created must be subject to the rights of the plaintiff under the sales agreement. The power of the legislature to enact a statute of this nature is unquestioned. See *State* v. *Buick Coach*, 83 N. H. 288.

Although the opinion in *Baribault* v. *Robertson, supra*, on which the plaintiff relies, was not rendered till 1926, the case arose prior to the passage of P. L., c. 217, s. 36. 383 Briefs and Cases, 233.

*Exception sustained.*

All concurred.