Hibbard, P. J.
This is a petition to enforce an alleged lien for the storage of a motor -vehicle. The respondent in answer filed a general denial.
The evidence at the trial was in substance that the respondent was arrested, taken to a police station and locked up. At the time of his arrest he had the motor vehicle referred to under his control. By direction of the police, the petitioner towed the- car to his garage for the purpose of custody and safe-keeping after the respondent was locked up.
The respondent was taken to a House of Correction and on the following day was told-by the Acting Chief of Police *73 that his car had been placed in the garage. The respondent made no reply when this information was given to him. Upon a hearing before the court, the respondent was bound over to the Grrand Jury and returned to the House of Correction. He was subsequently sentenced to a term in that institution and was still there at the time of the hearing on the petition. Upon his return from the preliminary hearing, the respondent requested that one Martin take possession of his car and signed a so-called release which was presented to him by the Acting Chief of Police. In substance it authorized the Chief of Police to release the car then in storage at the place of business of the petitioner and to give the same to the said Martin. Martin went to the petitioner’s garage, presented the release and made demand for the car. The petitioner refused to surrender it unless nine dollars were paid for storage. Martin did not have the nine dollars with him and the car has continued to remain in the petitioner’s garage.
There was evidence from the Acting Chief that the police held the respondent’s car after his arrest pending investigation and inquiry as to the respondent.
A written demand was made upon the respondent, mailed to the House of Correction and that was the only written notice given to him by the petitioner indicating that storage charges were required of him.
The respondent filed a motion to dismiss assigning as a cause “That there is no evidence that the respondent’s motor vehicle was brought to the petitioner’s premises or placed in his care by or with the consent of the respondent.” This motion was denied. The respondent seasonably filed eight requests for rulings of which the following numbered three, four, six and eight were denied:
“3. The petitioner has no lien on the respondent’s motor vehicle unless it is proved by a fair preponder *74 anee of the evidence that said vehicle was brought to the petitioner’s premises or placed in the petitioner’s care by, or with the consent of the respondent.
“4. If the petitioner does not prove by a fair preponderance of the evidence that the respondent’s motor vehicle was brought to the petitioner’s premises or placed in the petitioner’s care by, or with the consent of the respondent, the petitioner cannot recover for storage as prayed for and the petition should be dismissed.
“6. There is no evidence that the respondent’s motor vehicle was brought to the petitioner’s premises or placed in the petitioner’s care with the consent of the respondent. . . .
“8. On all the evidence the Court should find for the respondent and order the petition dismissed.”
The second request which reads as follows: “As a matter of law the petitioner has no lien for storage on the respondent’s motor vehicle unless the respondent has freely consented to such storage” was given with the condition that the word “freely” be removed.
There was evidence tending to show that the Westfield Police Department delivered to the garage of the petitioner for custody and safekeeping one Plymouth coach owned by the respondent who at that time was under arr.est.
The Court filed a decision, the material part of which reads as follows:
“Although there are no decisions of the Supreme Judicial Court that are exactly in point with the facts of the present petition, the Court feels that it is justified in finding that the police department acted discreetly and in good faith; that the petitioner received the Plymouth car of the respondent in due course; and that the petitioner is entitled to storage of one (1) dollar'per day for the first nine days and the rate of six (6) dollars ’per month beginning with the tenth day after the petitioner had possession of the automobile,, a: total of $36.40. It is therefore considered by the- *75 Court that a lien is established in favor of the petitioner for the sum of $36.40 and costs. Inasmuch as the decision is in favor of the petitioner and establishes the lien, the Court assumes that the petitioner waives his Requests for Rulings of Law. The Court denies the respondent’s eight (8) Requests for Rulings of Law in a separate instrument, attached hereto and made a part of this decision.”
A Motion to Dismiss in an action such as the case at bar has no place in District Court procedure. The denial of this motion is not of right before us. We do not find it necessary to consider it.
, The third and fourth requests are correct statements of the law.
The right of the petitioner to enforce a lien depends upon the provisions of General Laws, ch. 255, section 25, and thus the right depends upon whether the respondent’s automobile was brought to the petitioner’s premises or placed in his custody by or with the consent of the respondent.
The report discloses no express consent on the part of the respondent. The question is then whether an implied consent can be inferred from the respondent’s conduct. This question may be separated and re-stated as follows:
(1) From the fact the respondent was arrested upon the highway by a police officer because of the commission of a criminal offence, does the law imply consent to take possession of his car and place it in a garage?
(2) May an implied consent be inferred from the respondent’s conduct when he was notified that the automobile was in the petitioner’s garage?
It could properly be held that if an automobile becomes disabled on the highway a consent to its removal and care might be inferred against the owner by reason of necessity. Howes vs. Newcomb, 146 Mass. 76, which is concerned with a statute similar in phraseology to chapter 255, section 25, *76 and Guaranty Security Corporation vs. Brophy, 243 Mass. 597 do not admit of extension to cover the facts in the case at bar.
The only evidence of implied consent must be found if at all in the respondent’s failure to reply when notified by the Chief of Police that the ear was in the petitioner’s garage. It must be borne in mind that the notice was simply “of the action taken by the police”. There is nothing to indicate he was told that his car was there on storage nor was any inquiry made of him as to his wishes with respect thereto. It is also to be considered that the written order given to a friend of the petitioner simply stated the car was in storage “by authority of the Chief of Police.”
We find nothing in the report which, with all due respect, justifies the finding of the Trial Judge that the police acted “with the implied consent of the respondent”. From the report it would appear rather that the Trial Judge drew this conclusion because he felt “the police acted in good faith”. This view seems justified as he denied the third and fourth requests for rulings which were correct statements of the law. They should have been given.
We find prejudicial error in their refusal. The case is to stand for a new trial.