COMMERCIAL CREDIT COMPANY, INC., Respondent, vs. SWENSON and others, Appellants.

*May 6—June 4, 1940.*

For the appellants there was a brief by the *Attorney General, Warren H. Resh,* assistant attorney general, *Frank A. Rentz* of the staff, and *A. H. Smith,* counsel for the State

Conservation Commission, and oral argument by *Mr. Resh* and *Mr. Smith.*

*Adolph I. Mandelker,* attorney, and *John F. Savage* of . counsel, both of Milwaukee, for the respondent.

FRITZ, J. The confiscation of the automobile in question by the municipal court judgment, which convicted Trzinski on the charge of unlawfully having in his possession and transporting venison during the closed season in the automobile, was ordered under sec. 29.05 (7), Stats. 1937. The plaintiff, Commercial Credit Company, Inc., contends that because it did not have notiee of the municipal court's proceedings, which resulted in the judgment, its adjudication declaring the automobile a nuisance and ordering it confiscated is not binding or conclusive upon plaintiff; and that therefore it is entitled to bring this action of replevin for a determination of its right to recover possession of the automobile. However, in that connection, plaintiff concedes that, because sec. 288.19, Stats., authorizes the bringing of an action in the circuit court to recover property forfeited to the state, the rights of an innocent owner, including a vendor under a conditional sales contract, can be duly determined upon sufficient notice; and therefore the failure to provide in sec. 29.05 (7), or elsewhere in ch. 29, Stats., for a hearing upon notice to the owner of property to determine whether it was used in violation of the "Fish and Game" laws so as to be subject to forfeiture, does not render sec. 29.05 (7), Stats., unconstitutional under the due-process requirement of amendment XIV of the federal constitution. Plaintiff's concession in this respect is in accord with the conclusions stated in *Gemert v. Pooler,* 171 Wis. 271, 276, 177 N. W. 1, to wit:

"Construing the effect of the provisions in ch. 142, Stats., in connection with ch. 29, it is apparent that a way is thus provided for legal proceedings upon due notice to the parties concerned for the determination of the questions as to

whether or not the property involved has become forfeited
and as to whether or not the former owner's title has been
lost by reason of any such forfeiture. . . .. It is sufficient that
the law of this state does afford legal proceedings in which
the rights of parties to the property involved can be deter-
mined upon the usual form of notice. The law of this state
does provide a method to be followed upon notice to the
parties concerned before a person's property situated as was
plaintiff's here could be legally forfeited or her title de-
stroyed, and so providing there is due process of law. [Cita-
tions.] The remedy she resorted to here, of replevin,
afforded her as well as defendant a further legal method of
determining their respective rights. [Citations.]"

Plaintiff contends, however, that sec. 29.05 (7), Stats.,
does not contemplate the confiscation of the property inter-
ests of an innocent vendor or his assignee under a conditional
sales contract; and that forfeitures are not favored in law,
and are to be declared only when clearly imposed by a stat-
ute,—especially where the rights of innocent persons in the
property sought to be confiscated are involved. On the other
hand, the appellants contend that as Trzinski was in posses-
sion of the automobile with the knowledge and consent of
plaintiff he was neither a trespasser nor a thief; and that
under these circumstances sec. 29.05 (7), Stats. 1937, au-
thorizes the confiscation of whatever interest in the automo-
bile is owned by plaintiff under the conditional sales contract.
There is considerable conflict in decisions construing statutes
which provide for confiscation of property used for an un-
lawful purpose, when it was sought to apply the statutes in
cases in which it was proposed to forfeit the rights of inno-
cent parties in property lawfully intrusted to the possession
of others who used it for the unlawful purpose. See 47
A. L. R. 1025; 61 A. L. R. 551; 73 A. L. R. 1087; and
82 A. L. R. 607. These conflicts are due largely to differ-
ences in the terms of the statutes and as to whether they are
to be strictly construed and limited in their effect because of
ambiguities therein which render the application thereof un-

certain. As there is no similar ambiguity or uncertainty under our statutes, no useful purpose will be served by an analysis of these decisions.

In so far as vehicles are concerned, the only provision is the simple and clear provision in sec. 29.05 (7), Stats., that the Conservation Commission and its deputies—

"shall seize and hold subject to the order of the court or judge located in the county in which the alleged offense was committed, any . . . vehicle . . . declared by any provision of this chapter to be a public nuisance, or which they shall have reason to believe is being used in violation of this chapter, and if it be proven that the same is, or has been within six months previous to such seizure, used in violation of this chapter, the same shall be confiscated if the court shall so direct in its order or judgment."

In 1937 there was no provision whatever in the statutes for any disposition or sale, or the disposition of the proceeds of the sale of a confiscated motor vehicle, although there were provisions in sec. 29.05 (7), Stats., for the sale and disposition of the proceeds of perishable property and the destruction of dogs; and there were provisions in sec. 29.06 (1), Stats., for the sale and disposition of the proceeds of wild animals and carcasses and "all confiscated apparatus, appliances, or devices." Until the amendment of the latter section by ch. 475, Laws of 1939, neither the Conservation Commission nor the courts were authorized to sell or otherwise make any disposition of a motor vehicle confiscated under sec. 29.05 (7), Stats. By that amendment the legislature recognized for the first time any right or interest whatsoever in a confiscated motor vehicle on the part of an innocent holder of a *bona fide* chattel mortgage or sales contract by providing that in the case of the proceeds from the sale thereof, if such holder satisfies the court, or, after judgment of confiscation, the Conservation Commission, that the violation which led to confiscation was not with such holder's

knowledge, consent, or connivance, the amount due under the mortgage or sales contract shall be paid to him out of the proceeds of a sale. Thus, by virtue of ch. 475, Laws of 1939, the sale of a confiscated motor vehicle by the Conservation Commission and its payment of the net proceeds to a holder of a mortgage or conditional sales contract has become authorized by the legislature; but even under that amendment there is no right on the part of the holder to recover possession of the automobile itself. To the provision in sec. 29.05 (7), Stats. 1937, which authorized the confiscation of property without making any exception in favor of an innocent lienholder's property rights, there is applicable the statement in *Van Oster v. Kansas,* 272 U. S. 465, 467, 47 Sup. Ct. 133, 71 L. Ed. 354, that—

"It is not unknown or indeed uncommon for the law to visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he has intrusted it. Much of the jurisdiction in admiralty, so much of the statute and common law of liens as enables a mere bailee to subject the bailed property to a lien, the power of a vendor of chattels in possession to sell and convey good title to a stranger, are familiar examples. . . . They suggest that certain uses of property may be regarded as so undesirable that the owner surrenders his control at his peril. The law thus builds a secondary defense against a forbidden use and precludes evasions by dispensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent owner. So here the legislature, to effect a purpose clearly within its power, has adopted a device consonant with recognized principles and therefore within the limits of due process."

See also *United States v. One Ford Coupe Automobile,* 272 U. S. 321, 47 Sup. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; *Goldsmith, Jr.-Grant Co. v. United States,* 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376; *United States v. One Saxon Automobile* (4th Cir.), 257 Fed. 251; *State v. Peter-*

*son,* 107 Kan. 641, 193 Pac. 342; *State v. Stephans,* 109 Kan. 254, 198 Pac. 1087; *State v. Morris,* 124 Kan. 143, 257 Pac. 731, 61 A. L. R. 557; *State v. Buick Coach,* 83 N. H. 288, 141 Atl. 473; *King v. Commonwealth,* 127 Va. 800, 102 S. E. 757; *Buchholz v. Commonwealth,* 127 Va. 794, 102 S. E. 760; *E. J: Fitzwilliam Co. v. Commonwealth,* 258 Mass. 103, 154 N. E. 570. As neither the Conservation Commission and its wardens, nor the court which convicted Trzinski were authorized under the statutes in effect prior to the enactment of ch. 475, Laws of 1939, to do anything further in relation to the automobile than to hold it upon the confiscation, it follows that the return thereof or payment therefor to plaintiff was not permitted, and consequently should not have been adjudged by the circuit court.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.