Nelson, Respondent, vs. A. H. Stange Company, Appellant.

*October 29—November 12, 1909.*

*New trial: Grounds, how shown: Appeal: Res judicata: Reinstating verdict: One judge setting aside order by another: Bill of exceptions: Settling after time for appeal has expired: Special verdict: Sufficiency: Witnesses: Cross-examination: Master and servant: Injuries: Excessive damages.*

1. Although a written opinion of the trial judge indicates his reasons for granting a motion to set aside a verdict, yet the subsequent order setting it aside upon grounds expressly stated therein is the authentic and official evidence as to such grounds.

2. Where defendant appealed from an order granting to plaintiff a second new trial, but not from the order granting the first, affirmance of the order appealed from conclusively adjudicated that plaintiff was entitled to a new trial and that a new trial must follow that order; hence the verdict on the first trial could not thereafter be reinstated and judgment entered thereon.

[3. The order setting aside the verdict on the first trial having been made on the ground that a material issue of fact had not been submitted to the jury and because the trial judge was not satisfied with the conduct of the trial and the instructions to the jury as a whole,—whether another judge, before whom the cause was brought by change of venue, could, had there been no adjudication on appeal, set aside such order of his predecessor, not determined.]

4. After the time for appeal from an order or judgment has expired the court should not, in the absence of stipulation of the parties, settle a bill of exceptions covering the proceedings which led up only to the making of such order or the rendition of such a judgment.

5. Where by separate answers defendant's actionable negligence in three particulars was found in a special verdict, a further finding that "such negligence was the proximate cause of plaintiff's injury" was not insufficient on the ground that the jury might not have been unanimous as to which particular item of negligence was the proximate cause.

6. Each separate question of a special verdict is to be answered upon all the competent evidence bearing thereon and as if this were the only issue in the case.

7. To show that there was no negligence in failing to equip with a splitter a ripsaw at which plaintiff was working when injured, a witness for defendant testified that it was impracticable to equip the saw with a splitter attached in a particular way. On the cross-examination plaintiff was permitted to show by the witness that after the accident a splitter was attached to the saw in another way. *Held* proper, it not being necessary to limit the cross-examination to the exact words of the direct examination, and the evidence being admitted only for the purpose of showing the practicability of so equipping the saw.

8. An award of $5,200, reduced from $6,200 to that figure by the trial court, is *held* not excessive for serious and painful injuries to a laboring man forty-three years old, resulting in the loss of one of his eyes and impaired vision in the other.

9. Where damages awarded by the jury have been reduced by the trial court, the supreme court is reluctant to interfere further with the verdict on the ground that the amount is still excessive.

APPEAL from a judgment of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Kreutzer, Bird, Rosenberry & Okoneski,* and oral argument by *C. B. Bird.* They cited, among other cases, *Oconto B. Co. v. Cayouette,* 138 Wis. 664, 120 N. W. 497; *Wheeler v. Russell,* 93 Wis. 135, 67 N. W. 43; *Swedish Am. Nat. Bank v. Koebernick,* 136 Wis. 473, 117 N. W. 1020; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851; *Drake v. Scheunemann,* 103 Wis. 458, 79 N. W. 749; *Plano Mfg. Co. v. Rasey,* 69 Wis. 246, 34 N. W. 85; *Hixon v. Oneida Co.* 82 Wis. 515, 52 N. W. 445; *Douglas Co. v. Walbridge,* 36 Wis. 643; *Musbach v. Wis. C. Co.* 108 Wis. 57, 84 N. W. 36;

*Yazdzewski v. Barker,* 131 Wis. 494, 111 N. W. 689; *Larson v. Knapp, Stout & Co. Co.* 98 Wis. 178, 73 N. W. 992; *Holloway v. H. W. Johns-Manville Co.* 135 Wis. 629, 116 N. W. 635; *Gay v. Milwaukee E. R. & L. Co.* 138 Wis. 348, 120 N. W. 283; *Sherman v. Menominee River L. Co.* 77 Wis. 14, 45 N. W. 1079; *Kreider v. Wis. River P. & P. Co.* 110 Wis. 645, 86 N. W. 662; *Olwell v. Skobis,* 126 Wis. 308, 105 N. W. 777; *Wysocki v. Wis. Lakes I. & C. Co.* 121 Wis. 96, 98 N. W. 950.

For the respondent there was a brief by *Humphrey Barton* and *Thomas J. Mathews,* and oral argument by *Mr. Mathews.* Among other authorities, they cited *Cameron v. Sullivan,* 15 Wis. 510; *Bonesteel v. Bonesteel,* 30 Wis. 151; *Maxwell v. Kennedy,* 50 Wis. 645, 7 N. W. 657; *Kayser v. Hartnett,* 67 Wis. 250, 30 N. W. 363; *Shafer v. Eau Claire,* 105 Wis. 239, 81 N. W. 409.

TIMLIN, J.   In this action for personal injury to plaintiff caused by the alleged negligence of defendant the jury on January 10, 1907, returned a special verdict by which they found the defendant guilty of negligence which was the proximate cause of plaintiff's injury, and assessed plaintiff's damages at $5,000.   But they further answered concerning the plaintiff's contributory negligence and assumption of risk as follows:

"Did the plaintiff know and appreciate, or in the exercise of ordinary care ought he to have known and appreciated, at the time when defendant put him to work with said ripsaw, the dangers incident to working with said ripsaw?   *A.* Yes.

"Did the plaintiff know, or should he have known in the exercise of ordinary care, at the time of his injury, that slivers were liable to be thrown toward him by said ripsaw? *A.* Yes.

"Ought the plaintiff in the exercise of ordinary care to have reasonably anticipated such an injury as occurred to him at the time and place of the injury to him?   *A.* Yes."

On motion the judge of the superior court in which this action was tried set aside this verdict and granted a new trial. In his opinion on the motion he stated that there was no question in the special verdict submitting the material issue whether the plaintiff was guilty of negligence which contributed to cause his injury. But the order awarding a new trial is stated to be "on the ground that said verdict is against the law, in that no question was submitted to the jury in said verdict covering the material issue of fact whether or not the negligence of the plaintiff, if any there was, contributed proximately to his injury, and because said verdict does not cover all the material controverted issues of fact in the case, and for the further reason that the court is not satisfied with the conduct of the trial and the instructions as a whole in submitting the case to the jury." The defendant filed an exception to this order, but thereafter joined in a stipulation setting the cause down for trial on August 27, 1907, another stipulation setting the cause for trial on September 3, 1907. The cause was then tried for the second time in the superior court, and that court directed a verdict for defendant. On motion of the plaintiff that court thereafter set aside the directed verdict and granted a new trial. The defendant appealed to this court from this second order granting a new trial, and the order was affirmed in 137 Wis. 309, 118 N. W. 1119.

After the cause was remanded from this court the defendant filed an affidavit of prejudice against the judge of the superior court, and thereupon the parties joined in a stipulation that the present attorneys for appellant be substituted as attorneys and that the place of trial of the action be changed to the circuit court for Lincoln county, and upon such stipulation the superior court ordered this change on February 17, 1909, and also made an order substituting for defendant's attorneys the present attorneys for appellant. In the circuit court the cause was tried for the third time, and the jury returned a special verdict in which they found the defendant

negligent in three particulars: (1) In failing to provide a splitter for the ripsaw in question; (2) in failing to have said ripsaw guarded with a cover; (3) in failing to warn and instruct the plaintiff concerning the danger to which he was subjected in operating the ripsaw. The fourth question of the special verdict and the answer thereunto were: "If you answer any or all of the first three questions 'Yes,' then was such negligence the proximate cause of plaintiff's injury? A. Yes." The plaintiff was acquitted of assumption of risk and contributory negligence and his damages fixed at $6,200.

On April 22, 1909, the defendant proposed a bill of exceptions relative to the first trial of the action. This bill of exceptions last mentioned was settled by Judge HELMS of the superior court on May 10, 1909, after the last verdict in the circuit court. Defendant then moved before the circuit judge on the record in the action and on such bill of exceptions to vacate and set aside the order of Judge HELMS of March 29, 1907, which order set aside the first verdict of January 10, 1907, and to reinstate such verdict and for judgment for the defendant thereon; also for judgment in defendant's favor on the undisputed evidence on the last trial notwithstanding the last verdict, to change certain answers in the last verdict, and, finally, for a new trial for errors occurring during the last trial and because of excessive damages. These motions were all denied, and on motion of the plaintiff the bill of exceptions settled by Judge HELMS was stricken from the files and judgment granted the plaintiff on the last verdict on condition he remit $1,000 from the amount of the verdict, which was done, whereupon judgment was rendered for the plaintiff.

Errors are assigned in striking the bill of exceptions of the first trial from the record and in refusing to vacate Judge HELMS's order of March 29, 1907, and in refusing to reinstate the first verdict and grant judgment for the defendant thereon; in denying defendant's motion for judgment not-

withstanding the verdict in the last trial, and in refusing to change the answers to certain questions in the last verdict; in not including in the last special verdict certain questions requested by defendant; in receiving evidence; in rendering judgment excessive in amount.

The judge of the superior court might properly have entered judgment for the defendant upon the first verdict. *Campshure v. Standard Mfg. Co.* 137 Wis. 155, 118 N. W. 633; *Monte v. Wausau P. M. Co.* 132 Wis. 205, 111 N. W. 1114; *Coolidge v. Hallauer,* 126 Wis. 244, 105 N. W. 568; *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 93 N. W. 6; *Helmke v. Thilmany,* 107 Wis. 216, 83 N. W. 360. But. he did not do so, and although his written opinion upon motion to set aside that verdict indicates that he considered the verdict insufficient, yet in his order setting it aside he does so expressly upon the ground that a material issue of fact covering the contributory negligence of the plaintiff was not submitted to the jury, and for the further reason that he was not satisfied with the conduct of the trial and the instructions as. a whole in submitting the case to the jury. This order followed the opinion and represents the later more authentic and official evidence of the grounds upon which the verdict was set aside. The defendant neglected to appeal from this order granting a new trial, but appealed to this court from a like order made by the superior court at the end of the second trial. It could have appealed from both orders, but omitted to do so. Sec. 3049, Stats. (1898). When the cause was determined by this court affirming the order of the superior court granting a new trial after the second trial, it was conclusively adjudicated that the plaintiff was entitled to a new trial and that a new trial must follow that order. After this adjudication the defendant could not be permitted to say that there should be no new trial in the action because of something which he failed to present to this court. *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, 76 N. W. 329, and cases; *Halsey v. Wau-*

*kesha Springs Sanitarium,* 128 Wis. 438, 107 N. W. 1, and cases cited. It is therefore unnecessary to consider the legal effect of joining in the stipulations or participating in the subsequent trials. But it must be understood that we do not decide, and do not proceed upon the assumption, that the judge of the circuit court could but for this adjudication set aside an order of his predecessor in the case granting a new trial upon the grounds here stated in the order so sought to be set aside. There was no error in the ruling of the circuit court striking the bill of exceptions relative to the first trial from the record and refusing to reinstate the first verdict. More than two years had elapsed from the time of making the first order for a new trial before the bill of exceptions was proposed. The statute expressly limits the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order to two years from the date of the entry of such judgment or order, except in certain instances not here relevant. Sec. 3039, Stats. (1898). This time cannot be extended. Sec. 2831, Stats. (1898). After the time for appeal from an order or judgment has expired the court should not, in the absence of stipulation of the parties, settle a bill of exceptions covering the proceedings which led up only to the making of such order or the rendition of such a judgment. *Shafer v. Eau Claire,* 105 Wis. 239, 81 N. W. 409.

With reference to the last trial, the special verdict having by the first three answers found three grounds of actionable negligence, the answer to the fourth question established that such negligence was the proximate cause of plaintiff's injuries. The verdict was quite similar to that in the case of *Roedler v. C., M. & St. P. R. Co.* 129 Wis. 270, 109 N. W. 88, and *Glettler v. Sheboygan L., P. & R. Co.* 130 Wis. 137, 109 N. W. 973, in this respect. See, however, *Peck v. Baraboo,* 141 Wis. 48, 122 N. W. 740, with reference to the requisites of a special verdict when submitted in this form.

Without restating the evidence offered at the second trial, we will merely say that we agree with the learned circuit judge that there was evidence to support the verdict returned by the jury.    It is contended that in arriving at an affirmative answer to the fourth question of the special verdict some members of the jury may have considered that the absence of the splitter as found in answer to the first question was the sole cause of plaintiff's injury, other members that the absence of the cover as found in the second answer was the sole cause, and still other members that the failure to instruct or warn as found in the third answer was the sole cause; and so the plaintiff may have obtained an affirmative answer to the fourth question without the unanimous concurrence of the jury finding which particular item of negligence was the proximate cause of plaintiff's injury.    Reflection must disclose that such a rule carried to its logical conclusion would defeat all general verdicts and most special verdicts.    Each separate question of a special verdict is to be determined and answered upon all the competent evidence bearing thereon and as if this were the only issue in the case.    There are no doubt cases in which the rule invoked by appellant obtains. *Du Cate v. Brighton,* 133 Wis. 628, 114 N. W. 103, and cases cited.    *Gay v. Milwaukee E. R. & L. Co.* 138 Wis. 348, 120 N. W. 283, relied upon by appellant, presented a case where a single question answered by the jury in the affirmative presented two alternative propositions, and therefore is not applicable to the instant case.    We do not find that this objection has ever been sustained to a situation like the present.    Without at present attempting to define or set exact limits to this rule, we consider that it is not applicable to the situation here presented.

It was shown against the objection of appellant that after the accident in question the saw was equipped with a splitter. But the defendant first offered a witness who testified that a splitter could not have been fastened to the table and main-

tained there with this kind of saw. On cross-examination of this witness he was asked whether it was a fact that a splitter was used on this particular machine, and, upon objection being made, plaintiff's counsel announced that this was solely for the purpose of showing that it was practicable to put a splitter on this machine, whereupon the witness was required to answer, and he did answer that after they had studied out how to do it they had equipped the saw with a splitter. Appellant contends that his question in chief was limited to the practicability of fastening a splitter on the table behind the saw, while the cross-examination was permitted to show a splitter otherwise attached. This is quite a refined distinction. The evidence in chief was for the purpose of supporting and tended to support an inference that the defendant was not negligent because it was impracticable to equip the saw with a splitter. The cross-examination might properly be extended to matters tending to dissipate such inference, and was not limited to the exact words of the examination in chief. Under such circumstances, and for the purpose for which it was drawn out, the testimony was competent. *Lind v. Uniform S. & P. Co., ante,* p. 183, 120 N. W. 839, and cases cited.

Upon the claim that the damages awarded, after having been reduced by the trial judge from $6,200 to $5,200, are still excessive, appellant submits that the plaintiff was a laboring man forty-three years of age who lost an eye by the accident, had hospital and medical expenses of only $95, and his earning capacity was not impaired by the injury. The plaintiff offered no medical testimony and the defendant none bearing upon the extent of plaintiff's injuries. But it appears from plaintiff's evidence that the injury was a very painful one, consisting in a sliver being driven through the eyelid and deep into the eye, of the operation for the removal of the eye and of the difficulty and inconvenience from dust and suppuration which follows the loss of the eye, and of im-

paired vision in the remaining eye for the purpose of reading by artificial light. The circuit judge properly reduced the verdict, and we are reluctant to interfere with verdicts on the ground that the damages are excessive in cases where the circuit judge in the proper and fearless discharge of his duty has already exercised his judgment with respect to the amount of damages to be allowed. We find no reversible error in the record and must decline to disturb the judgment.

*By the Court.*—Judgment affirmed.