BEHNKE, Appellant, vs. KROENING and wife, Respondents.

*April 8—May 3, 1921.*

*Fraudulent conveyances: Want of consideration of mortgage: Bills and notes: Notice of infirmity in instrument: Knowledge of officers of bank: Estoppel: Bill of exceptions: Settlement after expiration of time to appeal: Advisory verdict: Effect of error in instructions: Sufficiency of exceptions.*

1. A bill of exceptions can be settled after the time for an appeal has expired, without stipulation by the parties to the action, where proper extension of time has been made, under secs. 2831, 2876, Stats.

2. An exception, "Plaintiff excepts to the findings and conclusions of law herein dated April 8, 1919," was wholly insufficient to entitle appellant to a review of the evidence to determine whether or not the findings were supported by the evidence.

3. The fact that the trial court gave an incorrect instruction to an advisory jury which may have misled them could not be the foundation for prejudicial error upon appeal, where the trial court in its opinion declared that such incorrect rule had been given to the jury, but then proceeded to make its findings under the evidence upon all the issues in view of such misdirection of the jury.

4. It was not prejudicial error, in a trial before the court, to receive evidence of a conversation between defendant and a third person in plaintiff's absence, where the facts involved in the conversation were abundantly supported by other competent evidence.

5. Conveyances of property made in fraud of creditors, while void as to creditors, are valid between the parties; but want of consideration may be set up as a defense in an action to foreclose a mortgage executed to defraud creditors.

6. The knowledge of the president and cashier of a bank that a note which the bank purchased from its president was of fraudulent inception and character was notice to the bank.

7. One who executed a mortgage and note to defraud creditors was not estopped to set up lack of consideration for the note as a defense in an action by a transferee of the note and mortgage who had participated in the original transaction, since such transferee could hardly be misled as to the true facts and thus innocently induced to do what he did to his disadvantage.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This action was brought to foreclose a mortgage executed and delivered to C. W. Behnke on August 11, 1903, for $2,000, payable in four years from that date at the rate of five per cent. per annum. The mortgage was subsequently assigned on March 7, 1905, to the First State Bank of Brillion, and by it, on September 19, 1906, to the plaintiff. As a defense defendants allege that the mortgage was given without consideration and was given upon advice of the plaintiff for the express purpose and intent of defrauding the creditors of the defendants. Plaintiff denies the material allegations of defendants' answer.

The case was tried before the court, the court taking an advisory verdict of the jury. The court found, as did the jury,

that when the plaintiff purchased the note and mortgage in question from the First State Bank of Brillion on September 19, 1906, he knew that the note and mortgage had been executed and delivered by defendants to C. W. Behnke without any consideration therefor and with the fraudulent intent and purpose on the part of the parties to these instruments to prevent the collection of any judgment which the estate of Gotfried O. Krueger, deceased, might recover against said *Reinhard Kroening* in the action brought against him by the administrator; that plaintiff was not requested by defendant *Kroening* shortly before plaintiff purchased the note and mortgage from the bank to do so, for the reason that the bank was then threatening to begin an action for the foreclosure of the mortgage; that it was not understood, when plaintiff purchased the note and mortgage from the bank, that the debt secured thereby should be paid to plaintiff by *Reinhard Kroening;* that when C. W. Behnke and Oscar C. Behnke gave their promissory note for $2,000 to *Reinhard Kroening* on August 11, 1906, it was not agreed between them that that note and the life insurance policy assigned therewith as collateral security were to be accepted by *Reinhard Kroening* in lieu of the return and surrender to him of the note and mortgage in suit which were then held by the bank; that when the judgment against Tesch and Abitz was assigned by Oscar C. Behnke to *Reinhard Kroening* it was not then agreed by and between Behnke and *Kroening* that the proceeds of said judgment should be applied as a payment on the note which Oscar Behnke and his father, C. W. Behnke, had executed to *Kroening* on April 11, 1906.

The trial court made additional findings upon all of the other issues in the case and found expressly that the note and mortgage in question were executed for the fraudulent purpose of hindering, delaying, and preventing the collection of any judgment that might be secured against *Kroening* by the administrator of the Krueger estate; that plaintiff at

the same time and for the same fraudulent purpose received from *Kroening* a note on *Kroening's* real-estate mortgage securing payment of $6,000, and a chattel mortgage on *Kroening's* personal property for $2,000; that all of said instruments, including those involved in this action, were antedated by the parties and recorded and filed for the fraudulent purpose above stated, with full knowledge thereof by the mortgagees; that all of the mortgagees well knew that neither of said defendants received nor the mortgagees paid any consideration for these notes and mortgages, and that payment of such fraudulent claims should never be enforced against the defendants; that the mortgage and note in suit were held by C. W. Behnke and were placed by him in the Bank of Brillion, of which he was then president, and of which Oscar C. Behnke, who drew the papers and knew of their fraudulent character, was cashier; that this note and mortgage remained in such bank when C. W. Behnke caused it to be incorporated and that he was thereafter its president and Oscar Behnke continued as its cashier; that in the spring of 1904 the bank and its assets were sold to Edward Decker and associates; that this note and mortgage continued in the bank's possession until March, 1905, when C. W. Behnke personally assigned it to the bank; that on September 19, 1906, the bank sold and assigned this note and mortgage to the plaintiff for the sum of $2,000; that *Kroening* paid the interest thereon to plaintiff from 1909 to 1917, inclusive, the principal sum, with interest thereon from 1917, remaining unpaid.

The trial court held that plaintiff was not a holder in due course of this note because the knowledge of C. W. Behnke as president and Oscar C. Behnke as cashier of the bank of the fraudulent character of the note and mortgage and the want of consideration for these papers was attributable to the bank, and hence the bank was not a holder of them in due course, and that the defense of·want of consideration

is pleadable against the plaintiff in his suit to enforce the note and mortgage.

Judgment was awarded dismissing the action without costs in favor of either party, the plaintiff to pay the clerk's fee. This is an appeal from such judgment.

For the appellant there was a brief by *Friedrich & Hackbarth* of Milwaukee, and oral argument by *Otto G. Hackbarth.*

For the respondents there were briefs by *Hougen, Brady & Meyer* of Manitowoc, and oral argument by *Charles E. Brady.*

SIEBECKER, C. J.    The respondents move to strike the bill of exceptions from the record upon the ground that it was not proposed or settled within a year from the date of service of notice of entry of judgment, and that the extension of time to propose and settle it was granted after the expiration of such year upon the sole ground of the negligence of appellant's attorney.    It is contended that it is an established rule of practice that no bill of exceptions can be settled after the time for an appeal has expired, except upon a stipulation by the parties to the action.    This claim is asserted on the declaration made by this court on the subject in *Nelson v. A. H. Stange Co.* 140 Wis. 657, 123 N. W. 152; *Shafer v. Eau Claire,* 105 Wis. 239, 81 N. W. 409; and *Gemert v. Pooler,* 171 Wis. 271, 177 N. W. 1.    While it is asserted in these cases that this practice should be followed, it is not held that the court may not, upon good cause shown, allow a bill of exceptions to be settled and served after the time for appeal has expired.    That the time for proposing and settling a bill of exceptions after the expiration of sixty days from notice of entry of judgment as prescribed in sec. 2876, Stats., may be extended under the provisions of sec. 2831, providing for the enlargement of time within which any proceeding in an action must be

taken, has been approved in *Kelly v. Fond du Lac,* 29 Wis. 439; *Milwaukee Co. v. Pabst,* 64 Wis. 244, 25 N. W. 11. The last clause of sec. 2831 provides that such an enlargement of the time may be allowed by a court "on motion and good cause shown, in discretion and upon such terms as may be just . . . after the time limited by or in pursuance of the statute or by any order of court has expired." This provision is in its terms applicable to enlarging the time for settling a bill of exceptions after the time for appeal has expired, and we know of no good grounds why it should not be held to include applications like the one in question here.

It is also argued that the court abused its discretion in extending the time for settling the bill upon appellant's application because the facts stated by plaintiff do not constitute a good cause for the relief asked. We have examined the affidavits setting forth the facts upon which the application is made and other parts of the record pertaining to the delay in serving and settling a bill of exceptions and are of the opinion that the facts stated constitute a sufficient basis for the action of the circuit court and hence it cannot be said that the circuit court abused its discretion in enlarging the time for settling the bill, and the motion to strike it from the files must be denied.

It is contended that the exceptions to the court's findings of fact are wholly insufficient to entitle appellant to a review of the evidence to determine whether or not the findings are supported by evidence. The only exception to the court's findings is a general one in these words: "Plaintiff . . . excepts to the findings and conclusions of law herein dated April 8, 1919." That such an exception is wholly insufficient is well established. As declared in *Bailey v. Costello,* 94 Wis. 87, 68 N. W. 663:

"The exceptions to the findings of fact are general, and do not point out specifically any particular finding of fact

as erroneous. They are not sufficient, therefore, to entitle the defendant to call upon the court to revise the findings of fact. The office of an exception is to specify or point out some particular matter as erroneous, in order that it may be reviewed." *Statkawicz v. Laguna,* 155 Wis. 304, 143 N. W. 677, 144 N. W. 1133.

Although no sufficient exceptions have been preserved to call for a review of the evidence, the record has been examined and we are satisfied that the trial court based its findings of fact upon competent and material evidence.

Objections to instructions are called to our attention. The verdict of the jury was an advisory one, and the court specifically made its findings of facts on all of the issues tried. The trial court in its opinion declares that an incorrect rule given to the jury may have misled them, but the court then proceeds to make its findings under the evidence upon all of the issues in view of such misdirection of the jury. Under these circumstances, any such misdirection of the jury could not have entered into the final determination of the case by the court, and hence cannot be the foundation for prejudicial error upon review in this court.

It is argued that the court erred in receiving evidence of a conversation between defendant and an employee of the bank in plaintiff's absence. The facts involved in this conversation are abundantly supported by other evidence in the case. It is manifest that the competent evidence fully sustains the court's findings on this subject and hence an erroneous admission of these conversations was in no way prejudicial error. True, as claimed by appellant, it is held in the cases of *Clemens v. Clemens,* 28 Wis. 637, and *Davy v. Kelley,* 66 Wis. 452, 29 N. W. 232, that conveyances of property made in fraud of creditors, while void as to creditors, are valid between the parties.

The trial court held that, while there is a marked conflict in the authorities on this proposition, the law in this state is as declared in these two cases. The circuit court, however,

held that want of consideration may be proven in such cases and that the *Clemens* and *Davy Cases* so declare. It is stated by Mr. Justice TAYLOR in the *Davy Case* that had the goods not passed to the maker of the note there in litigation, which was given to cover the purchase of the fraudulently conveyed property, then the failure of consideration for the note might be available as a defense to the note. Citing *Dyer v. Homer,* 22 Pick. 253. In the *Dyer Case* it was held that a conveyance of property for the purpose of defrauding creditors is a good conveyance between the vendor and vendee; yet if the vendee receives only a part of the property conveyed, then there is a failure of consideration except as to property the vendee received, and the partial failure of such consideration is a defense *pro tanto* in a suit on a note given to evidence the consideration of such sale. We are of the opinion that this doctrine is recognized in the *Clemens* and *Davy Cases* and that the trial court correctly held that "this defense is therefore available in this action unless he [the plaintiff] is a holder in due course, or derives his title through a holder in due course, and is not himself a party to any fraud or illegality affecting the instruments." Sec. 1675—54, Stats. By this section it is provided that

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise."

Under the facts of this case it is well established and found that plaintiff was a participant in the fraud of defendant and C. W. Behnke that led to the giving of the note and mortgage in suit, hence under sec. 1676—22 he had full knowledge of the facts that the note was not given for value and of its infirmity and the defect in the title in the hands of C. W. Behnke. But it is asserted that plaintiff acquired the right of a holder in due course when the note was trans-

ferred to him by the bank under the provisions of sec. 1676—28, Stats. This claim cannot be sustained because, as the trial court found, the bank had notice of the infirmity and defect in the title to the note in the hands of C. W. Behnke when it procured it by purchase. It is clear that the knowledge of C. W. Behnke and Oscar Behnke, who were, respectively, the president and cashier of the bank, of the fraudulent inception and character of the note, is notice to the bank, and hence the bank knew of the infirmity and defect of title in the note when it acquired it. *Paulson v. Boyd,* 137 Wis. 241, 118 N. W. 841; *Union Inv. Co. v. Epley,* 164 Wis. 438, 160 N. W. 175. The trial court held: "The burden of proof is on plaintiff to show that the bank was a holder in due course. Sec. 1676—29, Stats. He has produced no evidence to that effect excepting the assignment from C. W. Behnke to the bank." As indicated under the facts disclosed, the bank was not a holder in due course; this leaves the plaintiff not a holder in due course, and hence he is not protected under the provisions of sec. 1676—28. We are satisfied that the court's findings to the effect that plaintiff did not purchase the note at *Kroening's* request or that *Kroening* at the time plaintiff bought it from the bank or at any other time did not promise to pay the note as claimed by plaintiff, are not against the clear preponderance of the evidence and must stand.

The contention that defendants are estopped from asserting the defense of a want of consideration under the facts and circumstances is not well founded in the light of the facts that plaintiff was a participant in the fraudulent transaction that led to the execution and delivery of the note and mortgage by the *Kroenings* to C. W. Behnke and his knowledge that the instruments were given without any consideration passing between the parties. Under such circumstances the plaintiff could hardly be honestly misled as to the true facts and thus be innocently induced to do what he did to

his disadvantage. *Zwietusch v. Luehring,* 156 Wis. 96, 144 N. W. 257, and cases there cited. We find no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.