BROWN and others, Respondents, vs. SIEGEL and others, Appellants, and AMERICAN RAILWAY EXPRESS COMPANY and another, Garnishees.

*October 11—November 9, 1926.*

*Garnishment: In tort action: Amendment to action upon contract: Effect on garnishment: Appeal from order: Necessity of notice of entry to start time running.*

1. Under secs. 267.01 to 267.21, Stats., the remedy of garnishment, in actions sounding in tort, is permitted only as to such defendants as are nonresidents. pp. 257, 258.
2. The amendment of a cause of action sounding in tort, after the issuance of a garnishee summons, so as to convert the action into one upon contract, does not relate back to the time when the garnishment proceedings were instituted. p. 258.
3. Service of a copy of an order denying the motion to dismiss the garnishment proceedings is not sufficient to set running the time within which an appeal must be taken, as the statute requires that a written notice of entry accompany the order served. p. 259.

APPEAL from an order of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed.*

*Fred R. Wright* of Milwaukee, for the appellants.
*Michael Levin* of Milwaukee, for the respondents.

OWEN, J. The plaintiffs are officers of a labor union, and bring this action to recover from their predecessors in

office moneys which it is alleged the defendants converted to their own use. The original complaint sets forth two causes of action, the first for conspiracy to defraud and the second for conversion. The defendants *Siegel, Schlicher,* and *Pepin* are residents of the state of Wisconsin. The other defendants are nonresidents. The three resident defendants were brought into court upon a civil warrant. Thereafter, upon an affidavit stating that the above entitled action has been commenced and is now pending, and is an action to recover damages founded upon a misappropriation and conversion of funds, and that the defendants Gunderson, Applegate, Cary, and Heinle are not residents of the state of Wisconsin, a garnishee summons was issued and served upon the garnishee defendants *First Wisconsin National Bank* and the *American Railway Express Company.* Thereupon the defendants *Siegel, Schlicher,* and *Pepin* moved the court to dismiss the garnishee proceedings as to them and to release the garnishee defendants from liability. Before this motion was disposed of, the plaintiffs, pursuant to permission of the court, filed an amended complaint setting forth therein a third and separate cause of action on implied contract, based, however, upon the same transaction upon which the two causes of action in tort were founded. After the complaint was so amended, the court denied the motion of the defendants to dismiss the garnishee proceedings, and from this order the defendants *Siegel, Schlicher,* and *Pepin* appeal.

It is frankly conceded that the original action was one sounding in tort. It is further conceded that under the provisions of ch. 267, Stats., the plaintiffs are entitled to the remedy of garnishment in actions sounding in tort only as to such defendants as are nonresidents of the state of Wisconsin. After the motion to dismiss the garnishment proceedings was made, the plaintiffs' attorney, in evident ap-

preciation of this fact, sought to evade a dismissal of the garnishment proceedings by converting the action from one sounding in tort to one upon contract. This he assumed to do by filing the so-called amended complaint heretofore referred to. Just how far he succeeded need not be considered, because under no circumstances could it relate back to the time when the garnishment proceedings were instituted. When the garnishment summons issued, the action was one clearly sounding in tort, and the plaintiffs then had no right to garnishee process as against the appealing defendants who were residents of the state of Wisconsin. While the statute provides that the affidavit upon which the garnishee proceedings are founded "may be amended at any time before trial by the substitution of a new affidavit containing allegations of facts existing at the time of making the original" (sec. 267.03, Stats.), no such amendment was or could have been made in this case. If the action became an action on contract at all, it was not until long after the service of the garnishee summons. The provision concerning the amendment of the affidavit just quoted makes it very plain that jurisdiction of the garnishee proceedings depends upon facts existing at the time the affidavit is made. Just as an action prematurely brought must be dismissed, so should garnishee proceedings be dismissed where the facts existing at the time of making the affidavit were not such as to entitle the plaintiffs to the remedy of garnishment. It follows that the defendants' motion to dismiss the garnishment proceeding should have been granted.

It is contended that the appeal was not taken in time. Sec. 274.04 provides that "The time within which an appeal may be taken directly from an order is further limited to thirty days from the date of the service by either party upon the other of a copy of such order, with a written notice of the entry of the same." On the 19th day of December, 1925,

a copy of the order appealed from was served on appellants' attorney. Notice of appeal from such order was not served until the 21st day of January, 1926. It is contended that the appeal was not within time because not taken within thirty days from December 19th, when a copy of the order was served upon defendants' attorney. Mere service of a copy of the order, however, was not sufficient to set running the time within which to take the appeal. The statute requires that a written notice of the entry of the order must accompany the copy served, and it has been held that service of a written notice of the entry of the order is necessary to set running the time for taking the appeal. *Ellis v. Barron County,* 120 Wis. 390, 98 N. W. 232. No written notice of the entry of the order having been served, the appeal was within time.

*By the Court.*—Order appealed from reversed, and cause remanded with directions to enter an order dismissing the garnishee proceedings as to the appealing defendants.