OBENBERGER, Respondent, vs. OBENBERGER, Appellant.

*December 6, 1929—January 7, 1930.*

For the appellant the cause was submitted on the brief of *Brennan, Lucas & McDonough* of Milwaukee.

For the respondent there was a brief by *Rubin & Zabel,* attorneys, and *W. H. Rubin* and *W. A. Zabel* of counsel, all of Milwaukee, and oral argument by *Mr. Zabel.*

CROWNHART, J. The appeal notice recited that it is from an order dated November 27, 1928, instead of the correct date of the order, November 26, 1928. This is only a technical error. No one has been misled, and the mistake should be disregarded.

The respondent contends that the appeal was not perfected until January 10, 1929, more than thirty days from the date of such order, and after the time for appeal from the order had expired. Sec. 274.04, Stats., provides that an appeal from an order of the nature here in question shall be made within thirty days from the date of service of such order, by either party serving on the other a copy of such order, with a written notice of the entry of the same.

By reference to the record it appears that respondent attempted to serve said order pursuant to statute on the attorneys for the appellant. The proof of service is an affidavit reading as follows:

"William D. Bush, being duly sworn on oath, says that on the 27th day of November, 1928, in the city of Mil-

waukee, Milwaukee county, state of Wisconsin, at the office of the firm of Brennan, Lucas & McDonough, located at 97 East Wisconsin Ave., in the said city, county, and state aforesaid, he personally served the annexed order changing or modifying judgment, etc., on the defendant, by delivering to and leaving with Leah Douglas, and at the same time exhibiting to her the signature of Hon. Aug. E. Braun, on the original order, said Leah Douglas being the secretary for the law firm of Brennan, Lucas & McDonough.                    WILLIAM D. BUSH.

"Subscribed and sworn to before me this 27th day of November, 1928.

"Dorothea Schuman, Notary Public, Milwaukee Co., Wis. "My com. expires June 23, 1929."

This affidavit is sufficient proof of the service of the order upon the appellant. But we find no proof of the service of notice of the entry of the order to set the time running in which to appeal from said order. There being no proof of the service of notice of the entry of the order appealed from, upon the appellant or his attorneys, as prescribed by statute, sec. 274.04, the appeal is within the time allowed by law. *Brown v. Siegel*, 191 Wis. 256, 210 N. W. 688.

Coming to the merits of the matter, we may say we have carefully gone over the evidence and we are strongly impressed that the court was in error in failing to enter an order changing the custody of the son from the mother to the father. There is no dispute but that the father is competent and worthy in every way to have the custody of his son. On the contrary, the evidence is convincing that the mother has not given the boy a proper home. It appears without dispute that the mother frequently drank intoxicating liquors to excess, with other men and women, in the presence of the boy; that she harbored in her home a married man, under such circumstances as to indicate adulterous relations between them extending over a considerable period of time, and that such relations were known to her son. Such con-

duct on the part of a mother in her home, and to the knowledge of her son, twelve to fourteen years of age, cannot be accepted by a court as the furnishing of a suitable home for a son of that age. The testimony is too voluminous to set forth here, but it is sufficient to say that there are many incidents shown therein that are most convincing that the mother is morally unfit to have the custody of her son. The home furnished the son, with its society and influence, was unfit and unsuitable as a home for the son.

*By the Court.*—The order of the circuit court is reversed, with directions to the circuit court to order the custody of Robert Andrew Obenberger changed from the respondent mother to the appellant father.