LAUREN, Respondent, vs. CALVETTI, Appellant.

*May 6—June 7, 1949.*

*R. C. Trembath* and *Charles L. Santini,* both of Hurley, for the appellant.

*J. C. Raineri* and *Alex Raineri,* both of Hurley, for the respondent.

ROSENBERRY, C. J.   This action was tried in the circuit court for Iron county.   The jury returned a verdict for the defendant.   On motion of the plaintiff and on the 28th day of April, 1948, the court made an order granting plaintiff a new trial.   On October 26, 1948, the defendant appealed from said order, filed the papers with the clerk of the circuit court of Iron county.   Although Rule 4 of the rules of practice of the supreme court requires the "appellant or plaintiff in error shall cause the proper return to be made to and filed in this [supreme] court within twenty days after perfecting the appeal or filing the writ," the appellant took no further steps and failed to cause the proper return to be made as required by the rule.

On April 20, 1949, the plaintiff served notice upon the defendant that he would on the 6th day of May, 1949, move for a dismissal of the appeal because of the failure of the appellant

to cause the proper return to be made. The matter was argued orally before the court.

Ordinarily opinions are not filed in matters of this kind but because of the misunderstanding of counsel with regard to the statutes relating to appeal and the settlement of the bill of exceptions it is thought that a short opinion should be filed.

Sec. 274.01, Stats., provides:

"Except as otherwise specially provided, the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to six months from the date of the entry of such judgment or order. . . ."

Upon the hearing it was argued that the time for appeal had not yet expired, because under the provisions of sec. 274.04, Stats., no notice of entry of an order had been served by the plaintiff upon the defendant. The appeal was properly taken within six months. There is no dispute as to that.

The suggestion was made that if the appeal were dismissed the defendant might file a second appeal under the provisions of sec. 274.04, Stats., which provide:

"The time within which an appeal may be taken directly from an order is further limited to ninety days from the date of the service by either party upon the other of notice of the entry of the order."

It was argued that no notice having been served the time of appeal had not yet expired. This is not a proper construction of the statute.

The time within which an appeal may be taken from an order or a judgment is limited by sec. 274.01, Stats., to six months. If no appeal is taken within that time no appeal lies. Sec. 274.04 does not operate to extend the time, but is a "further" limitation. That is, either party may shorten the time to

ninety days from the service of the notice of entry of order, but that notice does not operate to extend the time for appeal beyond the six months' period prescribed by sec. 274.01. Its effect is to "further limit" the time for appeal. It does not extend it.

The defendant upon the hearing offered as an excuse for failure to cause a return to be made, the fact that the plaintiff had not served a notice of entry of the order as required by sec. 270.47, Stats., and for that reason the time within which a proposed bill of exceptions should be served had not commenced to run.

Sec. 270.47, Stats., provides:

"After judgment is perfected *either party may serve upon the other* a written notice of the entry thereof; and service of a proposed bill of exceptions, by either party, must be made within ninety days after service of such notice. If a bill of exceptions be proposed with a view to an appeal from an order it must be served within ninety days after service of a copy of such order and written notice of the entry thereof."

The defendant assumes that it was the duty of the plaintiff to serve a notice of the entry of the order from which the defendant took the appeal, and that if the plaintiff did not serve such notice that the time for settling the bill was extended indefinitely.

Rule 1 of the rules of practice prescribes what constitutes the record on appeal. Rule 1 (10) provides:

"(10) *Bill of exceptions.* Each exhibit shall have on it the name of the plaintiff and defendant and each photograph attached to or returned with the bill of exceptions shall have in addition either upon its face or upon its reverse side or upon a slip attached to it, a statement giving the page of the record where the photograph is referred to, a statement of the position of the camera, distance from the object photographed, the direction in which the camera was pointed and such further information as may be appropriate."

As already pointed out, Rule 4 requires the appellant to cause the return to be made, which includes the bill of exceptions. It being the duty of the appellant to perfect the appeal and to make the proper return, it is the duty of the appellant, if he wished to have the benefit of a bill of exceptions, to proceed with the settlement of the bill of exceptions and the perfection of his appeal whether a notice of entry of order was served or not.

Sec. 270.47, Stats., has no application to the facts of this case. The motion to dismiss the appeal is based upon the fact that the appellant did not cause a proper return to be made as required under Rule 4. However, it is thought it should be pointed out that formerly it was held the time for appeal having expired six months after the entry of the order, in the absence of stipulation of the parties settlement of bill of exceptions covering the proceedings which lead up to the making of the order should not be allowed by the court. *Shafer v. Eau Claire* (1900), 105 Wis. 239, 81 N. W. 409; *Nelson v. A. H. Stange Co.* (1909), 140 Wis. 657, 123 N. W. 152; *Gemert v. Pooler* (1920), 171 Wis. 271, 177 N. W. 1.

In *Behnke v. Kroening* (1921), 174 Wis. 224, 182 N. W. 837, the holding in the cases last-above cited is qualified and it is held that a bill of exceptions can be settled after the time for an appeal has expired without the stipulation of the parties to the action where proper extension of time has been made under sec. 269.45, Stats.

It is clear under these decisions that it was the defendant who was in default and not the plaintiff. The plaintiff did not take the appeal and had a right to stand on the record as it was without a bill of exceptions. If the defendant desired a bill of exceptions he should have moved for the settlement of the bill within the time prescribed by the statute and the rules of court. While the motion is not based upon that ground and is granted for the reason that no return has been made attention is called to these provisions of the statutes for the reason

that they were not referred to in *State v. Mueller* (1936), 220 Wis. 435, 265 N. W. 103.

*By the Court.*—The motion to dismiss the appeal is granted and the appeal is dismissed.