IN RE the MARRIAGE OF:
Joan R. SOQUET, Petitioner-Respondent,

v.

Gerald J. SOQUET, Respondent-Appellant-Petitioner.

Supreme Court

*No. 83–849.  Argued February 28, 1984.—Decided March 27, 1984.*

(Also reported in 345 N.W.2d 401.)

For the respondent-appellant-petitioner there were briefs by *William C. Griesbach* and *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay, and oral argument by *Mr. Griesbach.*

For the petitioner-respondent there was a brief by *James F. Pressentin,* Green Bay, and oral argument by *Mr. Pressentin.*

DAY, J.   This is a review of an unpublished decision of the court of appeals dismissing an appeal from the circuit court for Brown county, Hon. John C. Jaekels, circuit judge. The issue on this review is: Does a letter from respondent's counsel to petitioner's[1] counsel stating that judgment has been entered constitute "written notice of the entry of judgment" that reduces the time for filing an appeal from ninety days to forty-five days under sec. 808.04(1), Stats. 1981–82.[2]   We conclude that the period for filing an appeal is shortened to forty-five days only if there has been a timely filing of a formal notice of entry of judgment. Since there was no such formal notice in this case and since the appeal was filed within the ninety day limit, the decision of the court of appeals is reversed and the cause is remanded to that court to hear the petitioner's appeal.

Gerald J. Soquet (Petitioner) and Joan R. Soquet (Respondent) were opposing parties in a divorce action. Final judgment on the matter was entered by the circuit court for Brown county on February 9, 1983. On Febru-

---

[1] We use the term "petitioner" to designate the petitioner in this court, Gerald J. Soquet. Joan R. Soquet will be referred to as "respondent," her designation in the court of appeals.

[2] "808.04 **Time for appeal to the court of appeals.** (1) INITIAT-ING AN APPEAL. An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given, or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law."

ary 23, 1983, the respondent's attorney mailed the petitioner's attorney a one page letter which contained the following paragraph:

"Incidentally, the judgment in this matter was filed on February 9, 1983. My secretary tells me that she did call your office and inform your secretary of the date of filing. You seemed to be unaware of it last Friday. From the Trial Court's standpoint, it would appear that the Soquet case is over."

On May 4, 1983, eighty-five days after the date of entry of judgment, the petitioner filed a notice of appeal with the court of appeals. The respondent moved to dismiss the appeal on the ground that the February 23rd[3] letter constituted "written notice of the entry of judgment" under sec. 808.04(1), Stats., thereby reducing the time to file an appeal to forty-five days after the date of entry of judgment. The court of appeals granted the respondent's motion and dismissed the appeal. This court granted the petitioner's petition for review.

Section 808.04(1), Stats., requires that "[a]n appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment is given, or within 90 days of entry if notice is not given. . . ." This case presents the question of what type of notice is required to make the forty-five day limit applicable. The petitioner argues that notice must be in the form of a formal court document which is captioned and signed. The respondent argues that all the statute requires is that the notice be in writing.

---

[3] Section 806.06(5), Stats. requires that "[n]otice of entry of judgment or order must be given within 21 days after the entry of judgment or order to constitute notice under sec. 808.04(1)." The respondent's letter was mailed fourteen days after judgment was entered. The petitioner does not challenge the timeliness of this letter if it is found to be adequate.

In support of his reading of sec. 808.04(1), Stats., petitioner points to sec. 802.01(2)(d). That section states that "[t]he rules applicable to captions, signing and other matters of form of pleadings apply to all motions and *other papers* in an action . . ." (Emphasis supplied.) Petitioner claims that "other papers" include notices of entry of judgment. Respondent argues that they do not as notices of entry of judgment occur outside of the trial court's area of concern regarding a particular action.

While "other papers'" is never specifically defined in the statutes, sec. 801.14, Stats., suggests that they do include notices of entry of judgment. Section 801.14(1), states in part:

"**801.14 Service and filing of pleadings and other papers.** (1) Every order required by its terms to be served, every pleading unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard *ex parte, and every written notice, appearance, demand, offer of judgment, undertaking, and similar paper shall be served upon each of the parties.*" (Emphasis added.)

Section 801.14(2), begins: "[w]henever under these statutes, service of pleadings and *other papers* is required. . . ." (Emphasis added.) Section 801.14(4), begins: "[*a*]*ll papers* after the summons required to be served upon a party shall be filed with the court within a reasonable time after service." (Emphasis added.) Section 801.14(5), begins: "[t]he filing of pleadings and *other papers* with the court as required by these statutes. . . ." (Emphasis added.) It seems apparent that "other papers" and "all papers" referred to in section 801.14(2), (4) and (5) mean the documents listed in section 801.14 (1), including "every written notice . . . served upon

each of the parties." Therefore, when "other papers" are required by section 802.01(2)(d), to be formal, captioned and signed court documents, notices of entry of judgment seem to be included in that term.

Respondent argues, however, that under section 808.04 (1), Stats., a notice of entry of judgment need not be "served" but only "given." Therefore, such a notice is not included in the list found in section 801.14(1), is not considered included in the terms "other papers" in other statutory sections, and is not required by section 802.01 (2)(d), to be formal, captioned and signed.

Clarification of what the term "given" means can be found in section 806.06, Stats., and the comments of the Judicial Council following. In 1981, section 806.06(3) and (5), were amended by the supreme court to read:

"**806.06. Rendition, perfection and entry of judgment.** . . . (3) After an order or judgment is entered, either party may *serve* upon the other a written notice of entry containing the date of entry. . . .

"(5) Notice of entry of judgment must be given within 21 days after the entry of judgment or order to constitute notice under s. 808.04(1)." (Emphasis added.)

The use of the word "serve" in section 806.06(3) and the reference to section 808.04(1) in subsection (5) suggests that "given" as used in section 808.04(1), is synonymous with "served."

The comments by the Judicial Council about the 1981 amendments add further support to this interpretation:

"Subsections (3) and (5) are amended to clarify what constitutes a sufficient notice of entry to reduce the appeal time. The notice of entry must be a written *document,* other than the judgment or order, containing the date of entry and *served* after the entry of the judgment or order. The notice must accurately and completely inform the opposing party as to the date of entry." (Emphasis added.)

The use of the words "document" and "served" demonstrates that the Judicial Council intended that the notice must be formal, and by implication, fall under the captioning and signing requirements of section 802.01(2)(d), Stats.

The interchangeability of the words "given" and "served" as used in this statute is shown in the method by which each is accomplished. In *Bruns v. Muniz*, 97 Wis. 2d 742, 295 N.W.2d 11 (Ct. App. 1980), the court of appeals held that notice of entry is "given" when mailed. Similarly, section 801.14(2), Stats., stated: "[s]ervice by mail is complete upon mailing." That giving and serving can be accomplished in an identical manner is further evidence that, as used in the statutes, there is no difference in meaning between the two.

While this court has not previously addressed the question of what notice is required under section 808.04(1)., Stats., this court has construed the term "written notice" in other contexts to require more than actual notice. In *Obenberger v. Obenberger*, 200 Wis. 318, 228 N.W. 492 (1930), a divorced father moved for a modification of the support and custody arrangements for his child. While the court granted a reduction in support payments, it refused to change custody of the child from mother to father. The father appealed the custody decision and the mother claimed the appeal was initiated too late. The two statutes at issue were section 274.01 and section 274.04. Section 274.01 limited appeals to the supreme court "to one year from date of the entry of such judgment or order, except as hereinafter provided. . . ." Section 274.04 provided an exception: "[t]he time within which an appeal may be taken directly from an order is further limited to thirty days from the date of service by either party upon the other of a copy of such order, with a *written notice* of the entry of the same." (Emphasis

added.) In *Obenberger*, the mother claimed that section 274.04, was satisfied because the father's attorney had been served with a copy of the order being appealed and specifically had been shown the judge's signature on the order to indicate that the order had been entered. Therefore, the mother argued, the thirty day limitation for initiating an appeal should have begun to run from the date of the service of the order, making the father's appeal too late.

The court disagreed. While accepting that the mother had proved that the order was served on the father, the court found "no proof of the service of notice of the entry of the order to set the time running in which to appeal from said order." 200 Wis. at 320. Because there was no proof of service of a notice of the entry of judgment, the court ruled that section 274.04, Stats., did not apply and that the father had one year from the date of the entry of judgment to initiate his appeal, a limitation with which he had complied.

This and other cases, *see, e.g., Brown v. Siegel,* 191 Wis. 256, 210 N.W. 688 (1926) ; *Lauren v. Calvetti,* 255 Wis. 121, 37 N.W.2d 839 (1949), have consistently held that "written notice" requires more than a writing which gives a party notice that the order or judgment has been entered. Instead, the court requires "that service of a written notice of the entry of the order is necessary. . . ." *Brown v. Siegel,* 191 Wis. at 259. The holdings in these cases are especially significant because the statutes involved fulfilled the same function as the statute at issue in the present case, namely prescribing what form written notice of the entry of a judgment or order must take before it is deemed sufficient to limit the time for appeal. This court has consistently required formal written notice of entry of judgment or order for limiting the statutory time for appeal.

A requirement that a notice of entry of judgment be a formal signed and captioned document is further supported by considerations of fairness. The general rule is that "[s]tatutes giving the right of appeal are liberally construed, and an interpretation which will work a forfeiture of that right is not favored." 3 Sutherland *Statutory Construction* section 67.08 (1974). Interpreting section 808.04(1), Stats., to permit reduction of a party's time for filing an appeal upon the opposing party's giving notice of entry of judgment by letter or other informal writing increases the likelihood that the valuable right to appeal will be lost unwittingly. Such informal notice is much more easily lost, misfiled or overlooked than a standard captioned and signed court document. Furthermore, the additional effort and expense required to give formal as opposed to informal notice is slight, particularly in view of the consequences for the opposing party. The result of such formal written notice is a fairer, more certain and more informative process that, if need be, can be more easily proven in court.

Finally, requiring that written notice under section 808.04(1), Stats., be a formal document is consistent with the comparable provision of the Federal Rules of Civil Procedure.

Federal Rule 77(d) requires the clerk of the court to serve a notice of entry of judgments and orders upon every party affected by them. In addition, the rule states that "any party may in addition serve a notice of such entry in the manner provided in Rule 5 for service of papers." Rule 5 is almost identical to section 801.14, Stats., and requires formal service. Even though the consequences of a failure to give notice are less under the federal rules than under Wisconsin law (*i.e.*, lack of notice of the entry of judgment or order does not affect the time to appeal), the federal rules require formal writ-

ten notice if a party seeks to give notice at all. In Wisconsin, where the stakes of giving or failing to give adequate notice are much higher, it seems that the argument for formal, written notice is even more compelling.

We conclude that the petitioner's appeal to the court of appeals was timely because the statutory provision limiting the time for appeal to forty-five days after entry of the judgment was not properly set in motion. To do so, a formal, captioned and signed notice of entry of judgment stating the date the judgment was entered must be served on the opposing party within twenty-one days of the entry date. In addition, a copy of the notice of entry of judgment must be filed with the trial court within a reasonable period of time. Therefore, the decision of the court of appeals should be reversed and remanded to that court to hear the petitioner's appeal of the trial court's decision in the underlying divorce action.

*By the Court.*—The decision of the court of appeals is reversed and remanded.

SHIRLEY S. ABRAHAMSON, J. (concurring). I agree with the majority's remand of this case to the court of appeals for a disposition on the remaining issues. Inasmuch as I have recently begun to register my objection to the practice of remanding cases to the court of appeals,* I write separately to explain why I conclude remand is appropriate in this case.

As a general rule I do not think this court, after deciding several issues in a case, should remand remaining issues to the court of appeals for decision when these

---

* See, e.g., *Shopper Advertiser, Inc. v. Wisconsin Department of Revenue,* 117 Wis. 2d 223, 236, 344 N.W.2d 115 (1984); *Radtke v. Milwaukee,* 116 Wis. 2d 550, 558, 342 N.W.2d 435 (1984); *Crown Life Ins. Co. v. LaBonte,* 111 Wis. 2d 26, 45–46, 330 N.W.2d 209 (1983).

issues have been briefed and presented to this court. In the interest of judicial economy, speedy resolution of appeals, reduced costs to the litigants, and finality of decisions, if all the issues have been briefed I would have this court decide the entire case when it is before us on review.

In this case, however, remand to the court of appeals is, in my opinion, entirely appropriate. The substantive issues involved in the divorce action have never been briefed by the parties or presented in any way in the court of appeals or in this court. The court of appeals dismissed the appeal in this case prior to briefing on the ground that the notice of appeal was not timely. We conclude the appeal was timely. Under these circumstances the court of appeals should receive the briefs and decide the substantive issues presented on appeal.