LINNMAR, INC., Paul W. Hemker and Marilyn J. Hemker, Plaintiffs-Appellants,†

v.

FIRST ENTERPRISES, INC., A Wisconsin Corporation and First Federal Savings & Loan Association, La Crosse, Wisconsin, Defendants-Third Party Plaintiffs-Respondents,

STATE of Wisconsin, Department of Revenue, First National Bank of La Crosse, n/k/a Norwest Bank La Crosse, Mathy Construction Company, a Wisconsin Corporation, Meade & Hunt, Inc., a Wisconsin Corporation, T.F. Gannon, V. Downing Edwards & Associates, Ltd., f/k/a Edwards, Becker & Lynch, P.Y.A. Monarch, Inc., a Minnesota Corporation, Ideal Ready Mix Concrete, George D. Pathos, Hubbard Leasing Company, f/k/a Trans-Agri Leasing and Jon J. Ebner, Third Party Defendants.

Court of Appeals

*No. 91–0018. Submitted on motion January 8, 1991.—Decided March 7, 1991.*

(Also reported in 468 N.W.2d 753.)

†Petition to review denied.

706

For the plaintiffs-appellants the cause was submitted on the motion of *Frank A. Ross* of *Ross & Chatterton* of Madison.

For the defendants-third party plaintiffs-respondents, the cause was submitted on the motion of *James H. Baxter III* of *Quarles & Brady* of Milwaukee.

Before Gartzke, P.J., Dykman and Sundby, JJ.

PER CURIAM.   Appellants appealed from a final order within ninety days of entry. Respondents move to dismiss, claiming they gave timely notice of entry of the order which reduced the appeal time to forty-five days.

Section 808.04(1), Stats. The issue is whether notice of entry must be given within twenty-one days of the signing of the judgment or order, or within twenty-one days of entry of the judgment or order, to reduce the time to appeal to forty-five days. We conclude that the notice of entry must be given within twenty-one days of entry of the judgment or order. Therefore, the notice of entry was timely. Because the appeal was not initiated within forty-five days, we have no jurisdiction and must dismiss. Rule 809.10(1)(b).

The order appealed from was rendered October 17, 1990 and entered October 30, 1990.[1] Respondents served a notice of entry by mail November 19, 1990 and filed it in the circuit court on November 21, 1990. Appellants appealed December 27, 1990. Thus, if notice of entry must be given within twenty-one days of rendering rather than entry of the order, the notice of entry was not timely.

Section 806.06(5), Stats., requires that notice of entry must be given within "21 days after the entry of judgment or order to constitute notice under s. 808.04(1)." Appellants argue that sec. 808.04(1), Stats., changes the pivotal date from the date of entry to the date of rendition. Section 808.04(1) was amended in 1986 and provides:

> An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given *within 21 days of the judgment or order as provided in s. 806.06(5),* or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

---

[1] An order is rendered when it is signed by the judge. Section 807.11(1), Stats. An order is entered when it is filed in the office of the clerk of court. Section 807.11(2), Stats.

Section 808.04(1) (emphasis added to indicate amendment). This amendment was not intended to substantively change the date which triggers the running of the time to initiate an appeal from the date of entry to the date of rendition. Although the amendatory language should have more properly included "entry of," the amendment was intended to clarify the time limit for notice of entry by expressly cross-referencing sec. 806.06(5), Stats. Judicial Council Note, 1986, sec. 808.04, Stats.

We construe the provisions of a statute and related statutes together to harmonize their meaning. *State v. Robinson,* 140 Wis. 2d 673, 677, 412 N.W.2d 535, 537 (Ct. App. 1987). Sections 808.04(1) and 806.06(5), Stats., govern the time limits to initiate an appeal. Section 808.04(1) sets forth the forty-five/ninety day rule and specifically cross-references sec. 806.06(5). Section 806.06(5) sets forth what constitutes notice under sec. 808.04(1) sufficient to reduce the time to initiate an appeal from ninety to forty-five days. Notice of *entry* of judgment inherently specifies notice of entry, not notice of judgment.

Appellants also claim that the date when notice of entry is given means (1) when appellant receives notice or (2) when notice is filed. Well-established Wisconsin law rejects these claims. Notice of entry is given when mailed. *Bruns v. Muniz,* 97 Wis. 2d 742, 746, 295 N.W.2d 11, 13-14 (Ct. App. 1980). Further, sec. 801.14(2), Stats., provides that "[s]ervice by mail is complete upon mailing." Respondents mailed their notice of entry on the twentieth day. Thus notice was timely served. Section 801.14(2). Notice of entry is given when served rather than filed. A copy of the notice of entry

must be filed with the circuit court within a reasonable time of service. *Soquet v. Soquet,* 117 Wis. 2d 553, 561, 345 N.W.2d 401, 405 (1984).

We conclude that the amendatory language in sec. 808.04(1), Stats., does not create an ambiguity or conflict with the provisions of sec. 806.06(5), Stats. Notice of entry was timely served, reducing appellants' time to initiate their appeal to forty-five days. Section 808.04(1). Failure to file their notice of appeal within the forty-five day deadline of sec. 808.04(1) deprives us of jurisdiction. Rule 809.10(1)(b). Therefore, we must dismiss.

*By the Court.*—Appeal dismissed.