Richard J. NICHOLS, Plaintiff-Appellant,

v.

Patrick J. CONLIN , individually and as Sheriff of Green County, Robert Hoesly, Chairman, Green County Board of Supervisors, and Green County, a Wisconsin Political Entity, Defendants-Respondents.

Court of Appeals

*No. 95–2776. Submitted on motions October 26, 1995.—Decided November 22, 1995.*

(Also reported in 542 N.W.2d 194.)

For the plaintiff-appellant the cause was submitted on the motion of *Thomas J. Alisankus* of Evansville.

For the defendants-respondents the cause was submitted on the motion of *Michael J. Modl* of *Axley Brynelson* of Madison.

Before Gartzke, P.J., Sundby and Vergeront, JJ.

PER CURIAM.   Richard J. Nichols appeals from a judgment dismissing his claim against several defendants. The defendants move to dismiss the appeal on the ground that it was not timely filed. The issue is whether the defendants' notice of entry of judgment was effective to shorten the time to appeal, even though the copy sent to Nichols was improperly addressed. We conclude the notice was ineffective. We deny the motion.

The judgment dismissing Nichols's complaint was entered July 28, 1995. The defendants filed a notice of entry of judgment August 15, 1995. On that notice, one digit of the ZIP code for Nichols's counsel was incorrect.[1] Nichols filed his notice of appeal on October 5,

---

[1] The attorney's correct ZIP code is 53536. The notice of entry was sent to 54536. According to Nichols's attorney's affidavit, the erroneous ZIP code is assigned to "Iron Belt", in Iron County, Wisconsin. The affidavit states that some other envelopes mailed to him at the erroneous address bear postmarks for

1995. The defendants move to dismiss the appeal on the ground that their notice of entry of judgment shortened the time to appeal to forty-five days, pursuant to § 808.04(1), STATS.,[2] and Nichols's appeal was not filed within that time.

Nichols argues that the notice of entry was ineffective because it was mailed to the incorrect address. We agree. In *Soquet v. Soquet*, 117 Wis. 2d 553, 345 N.W.2d 401 (1984), the court held that notices of entry of judgment are not effective unless they are sent as formal, captioned documents. *Id.* at 561, 345 N.W.2d at 405. Informal notice would be more easily lost or overlooked, and would increase the likelihood that the right to appeal will be lost unwittingly. *Id.* at 560, 345 N.W.2d at 404. The result of a formal notice is a fairer, more certain and more informative process. *Id.* We have held that notices of entry are ineffective when they are served before entry of judgment[3] or fail to state the correct date of entry of judgment.[4] In short, we have required strict compliance with the procedures for providing notice of entry of judgment.

---

Wausau and Iron Belt. Counsel speculates that the mail was actually sent to Iron Belt first. However, our decision is not based on whether such delays, in fact, occurred in this case.

[2] Section 808.04(1), STATS., provides in relevant part:

> An appeal to the court of appeals must be initiated within 45 days of entry of [the] judgment . . . appealed from if written notice of the entry of judgment . . . is given within 21 days of the judgment . . . as provided in s. 806.06(5), or within 90 days of entry if notice is not given. . . .

[3] *Sub-Zero Freezer Co. v. Manhattan Life Ins. Co.*, 90 Wis. 2d 76, 78, 279 N.W.2d 492, 493 (Ct. App. 1979).

[4] *Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 344-45, 501 N.W.2d 465, 466-67 (Ct. App. 1993).

■

We conclude that failure to send a notice of entry to the party's correct address renders the notice ineffective. An incorrect address may cause delay or nonreceipt of the notice, resulting in unwitting loss of the right to appeal. It is fairer, more certain and more informative to require that notices of entry be sent to the correct address of the opposing party.

The defendants argue that Nichols should be estopped from challenging the notice of entry because his counsel did not earlier inform the defendants that they were using an incorrect address. However, even if Nichols's attorney was aware of the problem earlier, it would not be equitable to deprive Nichols of the right to appeal on this ground.

■

The defendants further argue that the defective address should not render the notice of entry of judgment ineffective because Nichols did, in fact, receive the notice within forty-five days of entry of judgment and had sufficient time to appeal. We reject the argument. *Soquet, Weina,* and *Sub-Zero* held that notices of entry with certain flaws are not effective, and there was no suggestion that actual receipt of notice would make the flaws harmless. In the interest of strict compliance with the notice of entry of judgment procedure, we conclude that a person sending a defective notice may not litigate whether the notice was, in fact, received and properly understood. Such a conclusion also serves judicial economy.

*By the Court.*—Motion denied.