Vogel, Appellant, vs. Vogel, Respondent.

*May 10—June 15, 1951.*

*Dennis M. Sullivan* of Milwaukee, for the appellant.
*Paul Falbe* of Milwaukee, for the respondent.

FRITZ, C. J.   There was no finding by the court and apparently there was no evidence of any misconduct or unfitness on plaintiff's part because of which he is not a proper parent to have the care and custody of the four minor children of the plaintiff and the defendant; and he testified that if that was awarded to him he would procure the services of a middle-aged housekeeper competent to aid and supervise his care and custody of the children. In view of defendant's admissions as to her sexual relations with another man, harbored by defendant in her and her husband's and the children's home during the years 1948 to 1950, which resulted in her becoming pregnant on two occasions, and the evidence as to defendant's immoral misconduct in other respects, the court was clearly warranted during the course of the trial in stating:

"I don't believe that I could, under these circumstances, where she had admitted her adultery or adulterous conduct, let her have custody of these children. .... . I have already indicated that the defendant will not have the custody of the children. . . ."

Under the circumstances there is applicable here the statement in *Obenberger v. Obenberger,* 200 Wis. 318, 320, 228 N. W. 492:

"There is no dispute but that the father is competent and worthy in every way to have the custody of his son. On the

contrary, the evidence is convincing that the mother has not given the boy a proper home. It appears without dispute that the mother frequently drank intoxicating liquors to excess, with other men and women, in the presence of the boy; that she harbored in her home a married man, under such circumstances as to indicate adulterous relations between them extending over a considerable period of time, and that such relations were known to her son. Such conduct on the part of a mother in her home, and to the knowledge of her son, twelve to fourteen years of age, cannot be accepted by a court as the furnishing of a suitable home for a son of that age."

When the wife is proven to be morally unfit to have the custody of the minor children of a married couple and there is no testimony that the father is incompetent, unfit, or unworthy to have the care and custody of the children, their care and custody should be awarded to him if he can provide for them a suitable home with competent and proper supervision in his absence. As the evidence established conclusively defendant's adulterous conduct and unfitness to have the care and custody of the children, she has by her own wilful misconduct forfeited the right to have their care and custody which she, as their mother, would otherwise have to rear her offspring. Consequently, the judgment awarding their care, custody, and education to defendant cannot be sustained, and under the circumstances there cannot be sustained the trial court's adjudication in respect to a final division of the property of the parties, the payment of attorney's and guardian *ad litem's* fees, and other financial matters.

*By the Court.*—Judgment reversed and cause remanded for a new trial.