SUB-ZERO FREEZER COMPANY, INC., Plaintiff-Appellant, v. MANHATTAN LIFE INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 79-016. Submitted March 6, 1979.—Decided April 18, 1979.*
(Also reported in 279 N.W.2d 492.)

For the appellant: *Kenneth T. McCormick, Jr.,* and *Boardman, Suhr, Curry & Field* of Madison.

For the respondent: *Bell Metzner & Seibold* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. The circuit court for Dane County rendered an order for judgment dated October 4, 1978, which is stamped filed by the clerk of the trial court on October 5, 1978. The judgment was signed October 10, 1978, and stamped filed that day. October 5, 1978, defendant's attorney mailed notice of entry to plaintiff's attorney. The notice was filed with the clerk of the trial court December 7, 1978. The notice of entry erroneously stated that the judgment was entered October 5, 1978. January 2, 1979 the plaintiff filed a notice of appeal from the October 10, 1978 judgment.

February 22, 1979, this court entered an order requesting the parties to file memoranda with the court on the issue whether the appeal was timely. January 4, 1979, the plaintiff filed a supplemental notice of appeal, again appealing from the October 10, 1978 judgment.

Section 808.04(1), Stats., provides that a final judgment must be entered in accordance with the provisions of sec. 806.06(1)(b), Stats., to be appealable. That section provides that a judgment is entered when it is filed in the office of the clerk of court. Because the judgment was filed October 10, 1978, it was entered that day.

Section 806.06(5), Stats., provides that notice of entry of judgment must be given within 21 days of the entry of judgment to constitute notice under sec. 808.04 (1), Stats. As notice of entry of the judgment was given before the judgment was entered, it was ineffective to shorten the time to appeal from 90 days to 45 days pursuant to sec. 808.04(1). The time to appeal expired January 8, 1979. The first notice of appeal filed January 2, 1979, was therefore timely and this court has jurisdiction of that appeal. Because this court has jurisdiction of the first appeal, the second notice of appeal filed January 4, 1979, is dismissed as superfluous.

*By the Court.*—Court has jurisdiction of appeal filed January 2, 1979. The appeal filed January 4, 1979 is dismissed.